**In the Matter of the MARRIAGE OF Joe Lee BUSTER and Mollie Ann Allison.**

No. 06–02–00178–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 20, 2003.

Decided Aug. 5, 2003.

Joe L. Buster, Iowa Park, pro se.

Before ROSS, CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Chief Justice WILLIAM J. CORNELIUS (Retired).

Joe Lee Buster, an inmate of the Texas Department of Corrections, acting pro se throughout these proceedings, filed suit in the 202nd Judicial District Court of Bowie County for a divorce from his wife, Mollie Mae Allison. Buster was unable to secure service of process on Allison or secure a waiver of service from her because he could not ascertain her whereabouts. Because he could not cite her by publication or appear in the proceeding personally, his divorce petition remained on the trial court's docket for approximately sixteen months until the trial court dismissed it for want of prosecution.

Buster appeals from the judgment of dismissal, contending that, even though he was incarcerated during all the relevant times and could not attend to his case personally, he made repeated and diligent efforts to secure citation by publication,[1] produce the necessary testimony by alter-

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

1. *See* TEX. FAM.CODE ANN. § 6.409 (Vernon 1998).

native means, and secure an adjudication of his case. He thus argues that the trial court abused its discretion by dismissing his case despite his diligence in attempting to bring the case to trial. We agree for the following reasons.

Buster filed his petition for divorce on June 11, 2001. In his petition, he alleged that he was incarcerated in the Eastham Unit, Texas Department of Criminal Justice–Institutional Division; that he was a resident of Bowie County, Texas, when the petition was filed; that Allison's whereabouts were unknown and requested that the clerk issue citation if her location could be ascertained; that he and Allison were married on September 1, 1994, and ceased to live together as man and wife on or about May 17, 1995; that the marriage had become insupportable because of discord and conflicts that destroyed the legitimate ends of the marriage; that the parties had no children and none was expected; there was no need for a division of property because Buster relinquished all right and title to any and all property, separate and community, acquired by either of the parties before or during the marriage; that Allison's maiden name be restored to her; and that the court issue citation to Allison.

On the same date the petition was filed, the court entered the standard protective order entered by the courts of Bowie County in all divorce actions. Also on the same day, Buster filed an affidavit of testimony setting out verified facts supporting the allegations of the petition and filed an affidavit of indigency and a request to proceed in the case *in forma pauperis.* On September 17, 2001, Buster filed a written request to the clerk reiterating that he could not afford to pay costs or obtain service on Allison, and asked the clerk to request the trial court to rule on his divorce and his ancillary motions. On February 4, 2002, Buster filed another re-

quest with the clerk inquiring into the status of his case and seeking "proper due process procedures by this court." In this letter, he stated that he was incarcerated and indigent and unable to pay filing fees or acquire defense counsel; requested that the divorce be acted on as "discreetly and expeditiously as possible"; that he did not have the money to post citation by publication or pay an officer of the court to post citation; and requested the court for "assistance." He asked the clerk to "please respond to this letter and give me an answer to ... what can I do to get this done?" On February 25, 2002, Buster filed a "Motion for Appointment of Attorney Ad Litem and for the Clerk to post public notification to Respondent." On the same day, Buster filed a motion for writ of habeas corpus ad testificandum asking to be brought before the trial court personally for trial of the divorce action.

None of these motions or requests by Buster was acted on by the trial court. Instead, on October 8, 2002, the clerk sent Buster a notice that, pursuant to Tex.R. Civ. P. 165a, the trial court would conduct a hearing on October 21, 2002, and would dismiss Buster's case for want of prosecution unless Buster or an attorney appeared in person and showed good cause for maintaining the case on the docket. Buster did not appear and was not represented by counsel at the hearing. On October 21, 2002, the court dismissed Buster's case "for want of prosecution."

Thereafter, on November 5, 2002, Buster filed a motion for new trial and a request for leave to appeal. On the same day, and within the plenary power of the trial court, Buster filed his notice of appeal.

 A trial court has the inherent power to dismiss a case for want of prosecution, but express authority to do so is also given by Rule 165a in cases where a

party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. TEX.R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). Rule 165a also provides a procedure for reinstatement of causes dismissed for failure to appear at any hearing. *See* TEX.R. CIV. P. 165a(3). The courts have held, however, that the reinstatement provision applies only to cases dismissed for failure to appear, not to cases dismissed for want of prosecution. *Burton v. Hoffman*, 959 S.W.2d 351 (Tex.App.-Austin 1998, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406 (Tex.App.-Texarkana 1995, writ denied). The standard for reviewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement of a case dismissed under the failure to appear provision of Rule 165a is mistake or accident on the part of the aggrieved party. *Burton v. Hoffman*, 959 S.W.2d 351.

■ Buster did not file a verified petition to reinstate as required by Rule 165a(3), but in his motion for new trial, he requested several actions, including the reinstatement of his case. In this appeal, however, he does not complain specifically of the trial court's failure to reinstate his case, but only of the court's action in dismissing his case. To appeal from a dismissal for want of prosecution, it is not necessary to perfect an appeal from a denial of a motion to reinstate, and the appeal is from the order of dismissal. *Hosey v. County of Victoria*, 832 S.W.2d 701 (Tex.App.-Corpus Christi 1992, no. writ).

■ There is no absolute right for an inmate to appear in court in person in a civil case. *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex.App.-Texarkana 1994, writ denied). In considering an inmate's right to appear, courts generally follow a balancing approach, weighing the preservation of the correctional system's integrity against the prisoner's right of access, with a goal of achieving a balance that is fundamentally fair. *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex.App.-San Antonio 2001, no pet.). Should the trial court find that the pro se plaintiff inmate in a civil suit is not entitled to leave prison and appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *In re Marriage of Daugherty*, 42 S.W.3d 331 (Tex.App.-Texarkana 2001, no pet.); *Byrd v. Attorney Gen. of Tex., Crime Victims Comp. Div.*, 877 S.W.2d 566, 569 (Tex.App.-Beaumont 1994, no writ).

■ A trial court may dismiss a civil suit for want of prosecution when the plaintiff has failed to use reasonable diligence to advance the case on the docket and move it to trial. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d at 630; *Dolenz v. Cont'l Nat'l Bank of Fort Worth*, 620 S.W.2d 572, 575 (Tex.1981); *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no. pet.). Although a pro se litigant is held to the same standards as a licensed attorney as far as knowledge of the rules of practice and procedure are concerned, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex.1978), the level of reasonable diligence for prison inmates is somewhat lower than that for litigants who are free and represented by counsel. Inmates cannot personally appear unless the court orders the prison officials to allow it, and if the inmates are pro se, their ability to participate in the activities designed to bring their cases to trial is seriously limited.

■ It appears to us that Buster did everything he could reasonably do to dili-

gently prosecute his case. He asked for the right to appear personally and to proceed by affidavit or other alternative means of giving the required testimony if he could not be present personally. He asked the trial court for the appointment of an attorney, so he could complete service on the respondent.[2] He asked for permission to proceed *in forma pauperis,* and he repeatedly asked for assistance in getting his divorce adjudicated. As noted earlier, the trial court did not act on any of these requests. Seemingly, there was a complete breakdown in communication between the trial court and Buster, and because of Buster's status as an indigent and an inmate, he could not reasonably remedy the situation. Under all these circumstances, we conclude that the trial court abused its discretion when it dismissed Buster's case for want of prosecution. *Compare Clark v. Yarbrough,* 900 S.W.2d 406; *Fedco Oil Co. v. Pride Refin. Co.,* 787 S.W.2d 572 (Tex.App.-Houston [1st Dist.] 1990, no writ).

The judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Concurring Opinion by Justice CARTER.

## CONCURRING OPINION

I acknowledge the majority opinion correctly applies the current law to the facts presented. I write to suggest that the practical application of these legal requirements is difficult for the trial officials to accomplish and to offer a suggested solution.

When representing themselves in our courts, most citizens are expected to comply with certain rules. They are required to obtain service of process, obtain a trial setting, appear at the stated time to present evidence, and prepare proposed orders for entry even though they do not have legal training. The trial courts of this State cannot act as an advocate for any party appearing in court.

Clearly, incarcerated persons cannot attend court proceedings without intervention by the trial court. Apparently, Buster is now incarcerated miles away from the forum of this case. In this age of technology, a solution to many of these problems would be video conferencing. I would urge the Legislature to consider action which would authorize and fund video access from the state penitentiaries to a trial court in each county where an institution is located. This would solve the very real security problem and expense of travel while allowing the inmates the right to access our courts.

**2.** In a civil case, the trial court may appoint counsel for a party if the party makes an affidavit that he or she is too poor to employ counsel to attend to the case. Tex. Gov't Code Ann. § 24.016 (Vernon 1988); *Coleman v. Lynaugh,* 934 S.W.2d 837 (Tex.App.-Houston [1st Dist.] 1996, no writ).