In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00101-CV
______________________________


ANTHONY ALLEN, Appellant
 
V.
 
STEVEN L. RUSHING, Appellee


                                              

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 2002-571-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          The trial court dismissed Anthony Allen's malpractice lawsuit against attorney
Steven L. Rushing for want of prosecution. On appeal Allen contends (1) that the trial
court's dismissal did not serve the ends of justice, (2) that the trial court failed to provide
him with a fair hearing, (3) that his suit against Rushing has merit, and (4) that the trial
court failed to follow proper procedure resulting in an improper dismissal. We affirm the
judgment.
Historical and Procedural Background
          This case involves two separate incidents. The first incident occurred in 1999 when,
according to Allen, he was injured in a multi-vehicle accident in Fort Worth, Texas. Allen
retained Rushing as counsel for the purpose of filing a personal injury lawsuit against the
drivers of the other vehicles as well as the driver of the car in which Allen was a passenger. 
In December 2001, Allen accepted a $500.00 settlement offer in the personal injury case
based on Rushing's advice. 
          The second incident involves a lawsuit filed pro se by Allen March 5, 2002, against
Rushing for malpractice. Allen alleged Rushing committed legal malpractice by neglecting
his case for more than two years, which proximately caused Allen's claimed damages. The
record before us does not show Allen had Rushing cited and served with a copy of the
plaintiff's petition before the trial court dismissed the case April 9, 2003.
          After Allen's automobile accident, but before he sued Rushing for malpractice, police
arrested and charged Allen with heroin possession. The date of Allen's arrest is nowhere
in the official record now before us, but Allen writes in his brief he was arrested in
September 1999. Allen is now serving a prison sentence in Beaumont as a result of being
convicted in the criminal case. 
          On March 28, 2003, Allen filed an application for writ of habeas corpus
ad testificandum in the malpractice case. In it he asked the trial court to bench warrant him
from Beaumont to Longview for the purpose of appearing at a "management conference"



April 9, 2003. In support of his request, Allen argued:
1.       The Plaintiff Allen's case depends in large part on his own
testimony—since the credibility of witnesses will be an issue in this
matter, the jury should be allowed to hear the plaintiff testify personally
and observe his demeanor.
 
2.       The Plaintiff Allen should be brought to Court because he has
crucial evidence to present to the court and jury in support of his claim.
 
3.       The Plaintiff Allen is proceeding pro se in this matter and should
therefore be produced to manage the presentation of his case, to cross-examine the defendant who testify [sic] and his witnesses, and to hear
the defendant's case and present appropriate rebuttal evidence. 
 
4.       Plaintiff Allen is scheduled to be release[d] on mandatory
supervision July 31, 2003, so in the alternative plaintiff Allen request[s]
this Court to issue an order granting a ninty [sic] (90) day[] continuous of
cesset processus, "let process stay" begining [sic] from July 31, 2003
until October 30, 2003.
 
5.       The ends of justice so require[] that this Court issue a writ of
habeas corpus ad testificandum or in the alternative grant[] a (90) day[]
continu[ance] to let process stay.
 
          It appears from the record that the trial court never ruled on Allen's request for a
bench warrant. Instead, the trial court dismissed Allen's case April 9, 2003, for want of
prosecution. It is from this dismissal Allen now appeals.
Analysis
          Allen's first, second, and third points of error focus on the same central issue: 
whether the trial court committed substantive error by dismissing his lawsuit for want of
prosecution. 
          Trial courts have inherent power to dismiss cases for want of prosecution, and
courts have express authority to do so under Rule 165a of the Texas Rules of Civil
Procedure. In re Marriage of Buster, 115 S.W.3d 141, 143–44 (Tex. App.—Texarkana
2003, no pet.) (citing Tex. R. Civ. P. 165a; Villareal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999)). We review a trial court's dismissal of an inmate's civil suit
for want of prosecution for abuse of discretion. Buster, 115 S.W.3d at 144. 
          An inmate has a constitutional right to access to the civil trial courts. Hudson v.
Palmer, 468 U.S. 517, 523 (1984). That right, however, is not completely unfettered. For
example, an inmate does not have an absolute right to appear personally at all hearings
associated with a civil suit. Armstrong v. Randle, 881 S.W.2d 53, 56 (Tex.
App.—Texarkana 1994, writ denied). An inmate may file an application for writ of habeas
corpus with the trial court, requesting it issue a bench warrant for the inmate's appearance
at a particular hearing. See, e.g., In re Z.L.T., No. 02-0474, 2003 Tex. LEXIS 520 (Tex.
Nov. 21, 2003). In considering whether to grant an inmate's request to personally appear
for a hearing, a trial court should consider several factors: 
(1) the cost and inconvenience of transporting the inmate to court; (2) the
security risk and danger to the court and the public by allowing the inmate to
attend court; (3) whether the inmate's claims are substantial; (4) whether a
determination of the matter can reasonably be delayed until the inmate is
released; (5) whether the inmate can and will offer admissible,
noncumulative testimony that cannot be offered effectively by deposition,
telephone, or otherwise; (6) whether the inmate's presence is important in
judging his demeanor and credibility compared with that of other witnesses;
(7) whether the trial is to the court or to a jury; and (8) the inmate's probability
of success on the merits.

Aguilar v. Alvarado, 39 S.W.3d 244, 248 (Tex. App.—Waco 1999, no pet.). Should the trial
court find that the pro se plaintiff inmate in a civil suit is not entitled to leave prison and
appear personally in court, the inmate should be allowed to proceed by affidavit,
deposition, telephone, or other effective means. Id.


 
          In this case, the trial court did not perform the required balancing analysis—whether
the State's interest in keeping Allen in Beaumont outweighed Allen's interest in being
transported to Longview for the April 9 hearing—because the trial court never ruled on
Allen's request. Nonetheless, Allen's request does not state what his testimony would be,
other than such testimony presumably relates to the malpractice action against Rushing. 
Allen's request suggests that his personal appearance is necessary for the jury to be able
to evaluate his credibility and demeanor, but such suggestion is immaterial because Allen
had failed to serve the named defendant, obviously making the case not ready for a jury
trial April 9, 2003. Allen could have more easily filed an affidavit explaining the delay in
completing service (and requesting the case be maintained on the trial court's docket)
without requiring the trial court to expend time and resources by unnecessarily bench
warranting him from Beaumont. Therefore, we cannot say the trial court erred by failing
to grant Allen's request to personally appear April 9.
          "A trial court may dismiss a civil suit for want of prosecution when the plaintiff has
failed to use reasonable diligence to advance the case on the docket and move it to trial." 
Buster, 115 S.W.3d at 144 (citing Villareal, 994 S.W.2d at 630; Dolenz v. Cont'l Nat'l Bank,
620 S.W.2d 572, 575 (Tex. 1981); City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.
App.—Houston [1st Dist.] 1992, no writ)). Once a plaintiff initiates a lawsuit by filing an
original petition, citation should issue and be served, along with the original petition, on all
named defendants. Tex. R. Civ. P. 21, 99(a). "Upon the filing of the petition, the clerk,
when requested, shall forthwith issue a citation and deliver the citation as directed by the
requesting party. The party requesting citation shall be responsible for obtaining service
of the citation and a copy of the petition." Tex. R. Civ. P. 99(a) (emphasis added). 
          "A party may ordinarily rely on the clerk to perform that duty within a reasonable
time." Harrell v. Alvarez, 46 S.W.3d 483, 486 (Tex. App.—El Paso 2001, no pet.); see also
Allen v. Masterson, 49 S.W.2d 855, 856 (Tex. Civ. App.—Galveston 1932, writ ref'd)
(litigant may assume clerk will fulfill duty to issue citation and have it served promptly). 
However, "[w]here the citation is not issued and served promptly, this does not affect the
suit, unless the plaintiff is responsible for the failure of the officers to do their duty, as in
cases where the plaintiff instructs the clerk not to issue, or instructs the sheriff, not to
serve." Allen, 49 S.W.2d at 856. If, in the exercise of diligent prosecution, the plaintiff
could have easily corrected the clerk's failure to issue citation, the delay in the case will be
charged against the plaintiff. This is because "[t]he [plaintiff's] duty to exercise diligence
continues until service of process is achieved." Boyattia v. Hinojosa, 18 S.W.3d 729, 733
(Tex. App.—Dallas 2000, pet. denied).
          Evidence of attempting to serve the named defendants is one of many factors an
appellate court may consider in reviewing a trial court's order dismissing a case for want
of prosecution. See Buster, 115 S.W.3d at 143–45 (pro se inmate's repeated efforts at
having citation issued and served one of many factors demonstrating plaintiff used
diligence in prosecuting case). If a trial court dismisses a case for want of prosecution, the
plaintiff may also file a motion to reinstate the case. Such a motion may provide evidence
the plaintiff acted diligently in pursuing the case. Tex. R. Civ. P. 165a(3).
          In this case, Allen's original petition asked that the defendant "be cited to appear
and answer" the plaintiff's petition. The petition did not, however, specify a manner of
delivery of citation (such as by a private process server, through the sheriff's office, by
publication, or by certified mail). See Tex. R. Civ. P. 103 (who may serve); Tex. R. Civ. P.
106 (method of service). Therefore, Allen's petition gave the court clerk no direction
regarding the method and manner of delivery of the citation, once issued. 
          Allen's lawsuit was on the trial court's docket for thirteen months. The record does
not show that during those thirteen months Allen contacted the clerk's office with further
instructions on serving and citing the listed defendant. If he had used ordinary diligence,
Allen should have been able to determine that the citation had not issued and service not
completed because he had not provided the clerk with sufficient information on the method
of citation and service. Accordingly, the lengthy delay, without explanation from Allen,
supports the trial court's implied finding that Allen was not diligently prosecuting his lawsuit.
          Moreover, Allen did not file a motion for reinstatement. See Tex. R. Civ. P. 165a(3). 
In a motion for reinstatement, Allen could have attempted to demonstrate good cause for
the trial court to reconsider its dismissal for want of prosecution. Such information might
have provided a basis to suggest Allen was diligently prosecuting the case.
          Allen accepted the role of a pro se plaintiff. He had the burden of prosecuting his
case with diligence, the same as any licensed attorney. This he did not do. We cannot
say the trial court committed substantive error or abused its discretion by dismissing Allen's
case for want of prosecution.  
          In Allen's fourth point of error, he contends the trial court committed procedural error
and abused its discretion by dismissing his suit for want of prosecution. 
A case may be dismissed for want of prosecution on failure of any party
seeking affirmative relief to appear for any hearing or trial of which the party
had notice. Notice of the court's intention to dismiss and the date and place
of the dismissal hearing shall be sent by the clerk to each attorney of record,
and to each party not represented by an attorney and whose address is
shown on the docket or in the papers on file, by posting same in the United
States Postal Service. At the dismissal hearing, the court shall dismiss for
want of prosecution unless there is good cause for the case to be maintained
on the docket. If the court determines to maintain the case on the docket,
it shall render a pretrial order assigning a trial date for the case and setting
deadlines for the joining of new parties, all discovery, filing of all pleadings,
the making of a response or supplemental responses to discovery and other
pretrial matters. The case may be continued thereafter only for valid and
compelling reasons specifically determined by court order. Notice of the
signing of the order of dismissal shall be given as provided in Rule 306a. 
Failure to mail notices as required by this rule shall not affect any of the
periods mentioned in Rule 306a except as provided in that rule.
 
Tex. R. Civ. P. 165a(1).
          On appeal, Allen does not claim the trial court failed to provide notice of the April 9,
2003, hearing. To the contrary, Allen's application for writ of habeas corpus specifically
requested the trial court bench warrant him from prison so that he could be present for the
April 9 hearing, thus suggesting Allen had notice of the hearing. And, as explained
previously, the trial court's order of dismissal reflects Allen was provided notice of the
April 9 hearing pursuant to Rule 165a, that rule governing the scheduling of a dismissal
hearing.
          As noted above, Allen also did not file a motion for reinstatement following dismissal
of the case claiming good cause existed to reinstate his suit. See Tex. R. Civ. P. 165a(3). 
The trial court's order of dismissal states it called the case for trial April 9, 2003, after
having first given notice to the plaintiff of the setting pursuant to Rule 165a of the Texas
Rules of Civil Procedure. There is nothing in the record to contradict the suggestion that
Allen had the procedurally required advance notice of the April 9 hearing. Allen's final point
of error is overruled.
          We affirm the trial court's judgment.



                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      January 5, 2004
Date Decided:         February 19, 2004