COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-230-CV

BRUCE W. HOUSER APPELLANT

 V.

BRANDY S. LOBSTEIN, APPELLEES

ROBERT R. TREON, AND

SUSAN L. SCHUMACHER

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Bruce W. Houser, proceeding pro se, appeals the trial court’s order dismissing his case for want of prosecution.  The primary issue that we address is whether the trial court abused its discretion by dismissing Houser’s case for want of prosecution for failure to file “an order of judgment or a trial scheduling order, or motion and order to retain the case.”  Because Houser specifically complied with the trial court’s notice by filing a timely “Motion For Trial Setting, Jury Demand, and Plaintiff’s Oath Of Inability With Order,” we will reverse and remand.
 

II.  Factual and Procedural Background

Houser is an inmate in the Stiles Unit of the Texas Department of Criminal Justice–Institutional Division.  He claims that on November 6, 2001, Appellees, who are all prison officials, seized personal property from his cell, including religious books and his shoes.  After exhausting his administrative remedies, Houser ultimately filed suit in 2002 in the 89th District Court of Wichita County seeking the return of the property confiscated by Appellees. 

Houser’s case had been pending for over three years when the trial court issued a notice of its intent to dismiss the case.  In its notice, the trial court stated that the case would be dismissed for want of prosecution unless one of the following actions was taken prior to April 12, 2006:

1. A judgment is signed;

2. A trial scheduling order with a trial setting for no later than July 31, 2006, is signed by the Court; or

3. A verified motion to retain is filed and granted.  Each verified motion to retain shall set forth in detail any and all good faith acts as to why the cause of action should be retained on the court’s docket and shall request a trial setting for no later than July 31, 2006.  Any motion to retain filed with the Court that fails to request the aforementioned trial setting request shall be overruled without the necessity of a hearing and the cause of action shall be dismissed.  If a verified motion to retain is timely filed but not disposed of by the Court prior to the aforementioned hearing, counsel of record for each party is directed to appear before the Court on April 12, 2006 at 8:30 a.m. 

On March 16, 2006, Houser filed a motion in limine, an “Application for Writ of Habeas Corpus Ad Testificandum,” a motion for court records, and a “Motion For Trial Setting, Jury Demand, and Plaintiff’s Oath Of Inability With Order.”  In his motion for trial setting, Houser specifically asked the trial court to set a tentative date for a jury trial, to enter that date on the trial court’s jury docket, and to follow the trial court’s discovery control plan and set forth deadlines pursuant to Texas Rule of Civil Procedure 190.4.

On April 12, 2006, the trial court dismissed Houser’s case because he “did not properly file an order of judgment, trial scheduling order, or motion and order to retain the case.”  Thereafter, Houser filed a motion to reinstate the case, contending that he could not decide the district court’s trial dates and times.  The record does not show any ruling by the trial court on Houser’s motion.  This appeal followed.

III.  Improper Dismissal

Houser contends that the trial court improperly dismissed his case.
(footnote: 2) Appellees did not file a brief with this court.

The standard for reviewing a dismissal for want of prosecution is abuse of discretion.  
Burton v. Hoffman
, 959 S.W.2d 351, 353 (Tex. App.—Austin 1998, no pet.).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.

A trial court may dismiss a suit for want of prosecution when the plaintiff has failed to use reasonable diligence to advance the case on the docket and move it to trial.  
In re Marriage of Buster
, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.); 
see also 
Tex. R. Civ. P.
 165a (stating that case not disposed of within time standards promulgated by the Texas Supreme Court may be placed on dismissal docket).  Although a pro se litigant is held to the same standards as a licensed attorney as far as knowledge of the rules of practice and procedure are concerned, 
Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 185 (Tex. 1978), the level of reasonable diligence for prison inmates is somewhat lower than that for litigants who are free and represented by counsel, 
Buster
, 115 S.W.3d at 144.  Inmates cannot personally appear unless the court orders the prison officials to allow it, and if the inmates are pro se, their ability to participate in the activities designed to bring their cases to trial is seriously limited.  
Id.

Here, it appears that Houser made a good faith effort to comply with the trial court’s notice of its intent to dismiss.  Houser filed a motion for trial setting that requested the trial court to set a tentative date for a jury trial, to enter that date on the trial court’s jury docket, and to follow the trial court’s discovery control plan and set forth deadlines pursuant to Texas Rule of Civil Procedure 190.4.  He also filed a motion requesting that the trial court compel his attendance at the hearing so that he could participate in person.  Houser points out, and we agree, that he could not know the trial court’s schedule and pick a date himself.  Therefore, we hold that Houser’s motion for trial setting substantially complied with option two on the trial court’s notice and revealed his unequivocal intent to move the case forward.  Under these circumstances, we conclude that the trial court abused its discretion when it dismissed Houser’s case for want of prosecution after Houser had substantially complied with option two.  
See id.
 at 145.  Accordingly, we sustain Houser’s main argument.

IV.  Conclusion

Having sustained Houser’s main argument, we reverse the trial court’s judgment and remand the case to the trial court.

 PER CURIAM

PANEL B:  WALKER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: September 27, 2007

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although Houser lists eight items under his “ISSUES PRESENTED” heading, both the argument section and conclusion in his brief focus on the trial court’s failure to recognize his motion for trial setting as a good faith attempt to comply with the trial court’s notice.  Construing Houser’s arguments liberally, we therefore focus on his argument and disregard the eight “issues,” which do not correspond to his argument and conclusion, nor do they provide him with any relief.  
See
 
Tex. R. App. P.
 38.9 (stating that briefing rules are to be construed liberally).