COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-230-CV

 

BRUCE W.
HOUSER                                                                     APPELLANT

 

   V.

 

BRANDY S. LOBSTEIN,                                                         APPELLEES

ROBERT R. TREON, AND

SUSAN L. SCHUMACHER



 

                                              ------------

 

             FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








Appellant
Bruce W. Houser, proceeding pro se, appeals the trial court=s order
dismissing his case for want of prosecution. 
The primary issue that we address is whether the trial court abused its
discretion by dismissing Houser=s case
for want of prosecution for failure to file Aan order
of judgment or a trial scheduling order, or motion and order to retain the
case.@  Because Houser specifically complied with the
trial court=s notice by filing a timely AMotion
For Trial Setting, Jury Demand, and Plaintiff=s Oath
Of Inability With Order,@ we will reverse and remand. 

II.  Factual
and Procedural Background

Houser
is an inmate in the Stiles Unit of the Texas Department of Criminal JusticeBInstitutional
Division.  He claims that on November 6,
2001, Appellees, who are all prison officials, seized personal property from
his cell, including religious books and his shoes.  After exhausting his administrative remedies,
Houser ultimately filed suit in 2002 in the 89th District Court of Wichita
County seeking the return of the property confiscated by Appellees. 

Houser=s case
had been pending for over three years when the trial court issued a notice of
its intent to dismiss the case.  In its
notice, the trial court stated that the case would be dismissed for want of
prosecution unless one of the following actions was taken prior to April 12,
2006:

1.     A judgment is signed;

2.     A trial scheduling order with a trial setting for no later than
July 31, 2006, is signed by the Court; or








3.     A verified motion to retain is filed and granted.  Each verified motion to retain shall set
forth in detail any and all good faith acts as to why the cause of action
should be retained on the court=s docket and shall request a trial setting for no
later than July 31, 2006.  Any motion to
retain filed with the Court that fails to request the aforementioned trial
setting request shall be overruled without the necessity of a hearing and the
cause of action shall be dismissed.  If a
verified motion to retain is timely filed but not disposed of by the Court
prior to the aforementioned hearing, counsel of record for each party is
directed to appear before the Court on April 12, 2006 at 8:30 a.m. 

 

On March
16, 2006, Houser filed a motion in limine, an AApplication
for Writ of Habeas Corpus Ad Testificandum,@ a
motion for court records, and a AMotion
For Trial Setting, Jury Demand, and Plaintiff=s Oath
Of Inability With Order.@ 
In his motion for trial setting, Houser specifically asked the trial
court to set a tentative date for a jury trial, to enter that date on the trial
court=s jury
docket, and to follow the trial court=s
discovery control plan and set forth deadlines pursuant to Texas Rule of Civil
Procedure 190.4.

On April
12, 2006, the trial court dismissed Houser=s case
because he Adid not properly file an order
of judgment, trial scheduling order, or motion and order to retain the case.@  Thereafter, Houser filed a motion to
reinstate the case, contending that he could not decide the district court=s trial
dates and times.  The record does not
show any ruling by the trial court on Houser=s
motion.  This appeal followed.

 

 

 








III.  Improper
Dismissal

Houser
contends that the trial court improperly dismissed his case.[2]
Appellees did not file a brief with this court.

The
standard for reviewing a dismissal for want of prosecution is abuse of
discretion.  Burton v. Hoffman,
959 S.W.2d 351, 353 (Tex. App.CAustin
1998, no pet.).  To determine whether a
trial court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, we must
decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986).  Merely because a trial court may
decide a matter within its discretion in a different manner than an appellate
court would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.








A trial
court may dismiss a suit for want of prosecution when the plaintiff has failed
to use reasonable diligence to advance the case on the docket and move it to trial.  In re Marriage of Buster, 115 S.W.3d
141, 144 (Tex. App.CTexarkana 2003, no pet.); see
also Tex. R. Civ. P. 165a
(stating that case not disposed of within time standards promulgated by the
Texas Supreme Court may be placed on dismissal docket).  Although a pro se litigant is held to the
same standards as a licensed attorney as far as knowledge of the rules of
practice and procedure are concerned, Mansfield State Bank v. Cohn, 573
S.W.2d 181, 185 (Tex. 1978), the level of reasonable diligence for prison
inmates is somewhat lower than that for litigants who are free and represented
by counsel, Buster, 115 S.W.3d at 144. 
Inmates cannot personally appear unless the court orders the prison
officials to allow it, and if the inmates are pro se, their ability to
participate in the activities designed to bring their cases to trial is
seriously limited.  Id.








Here, it
appears that Houser made a good faith effort to comply with the trial court=s notice
of its intent to dismiss.  Houser filed a
motion for trial setting that requested the trial court to set a tentative date
for a jury trial, to enter that date on the trial court=s jury
docket, and to follow the trial court=s
discovery control plan and set forth deadlines pursuant to Texas Rule of Civil
Procedure 190.4.  He also filed a motion
requesting that the trial court compel his attendance at the hearing so that he
could participate in person.  Houser
points out, and we agree, that he could not know the trial court=s
schedule and pick a date himself. 
Therefore, we hold that Houser=s motion
for trial setting substantially complied with option two on the trial court=s notice
and revealed his unequivocal intent to move the case forward.  Under these circumstances, we conclude that
the trial court abused its discretion when it dismissed Houser=s case
for want of prosecution after Houser had substantially complied with option
two.  See id. at 145.  Accordingly, we sustain Houser=s main
argument.

IV.  Conclusion

Having
sustained Houser=s main argument, we reverse the
trial court=s judgment and remand the case
to the trial court.

 

                        PER CURIAM

 

PANEL B:  WALKER, LIVINGSTON, and DAUPHINOT, JJ.

 

 

DELIVERED: September 27,
2007

 

                        











[1]See Tex. R. App. P. 47.4.





[2]Although Houser lists
eight items under his AISSUES PRESENTED@ heading, both the
argument section and conclusion in his brief focus on the trial court=s failure to recognize
his motion for trial setting as a good faith attempt to comply with the trial
court=s notice.  Construing Houser=s arguments liberally, we
therefore focus on his argument and disregard the eight Aissues,@ which do not correspond
to his argument and conclusion, nor do they provide him with any relief.  See Tex.
R. App. P. 38.9 (stating that briefing rules are to be construed
liberally).