**REVERSE and REMAND; and Opinion Filed May 6, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00253-CV**

**DEJUAN AVERY, Appellant**
**V.**
**MARILYN AVERY, Appellee**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-08545**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

While incarcerated, appellant Dejuan Avery filed for divorce. The trial court dismissed his petition for want of prosecution. In a single issue, appellant argues the trial court abused its discretion by dismissing his case for want of prosecution despite his diligent efforts to prosecute his case. We reverse and remand for further proceedings.

### Background

Appellant filed his original petition for divorce on May 11, 2011. At the time, appellant was a state prisoner confined at the George J. Beto Facility of the Texas Department of Criminal Justice Correctional Institutions Division. Because of his incarceration and indigency, he also filed a motion for appointment of counsel. The trial court later sent a letter informing him the law did not allow for the appointment of an attorney in this type of case.

On May 17, 2011, appellant received notice from the court that the mailing address for the respondent was incomplete; therefore, service of process could not be completed. On May 25, 2011, appellant filed a letter apologizing for the omission and provided the respondent's complete address. He also requested notice confirming service on respondent.

The record contains the officer's return showing that on June 9, 2011 citation was "unexecuted by U.S. certified mail restricted delivery return receipt received unclaimed." Nothing in the record indicates the trial court informed appellant regarding the failure in service. Rather, appellant sent the court letters on June 13, 2011, June 27, 2011 and August 12, 2011 again inquiring into the issuance of service. He reminded the court he did not have the means to contact the office directly and tendered "this letter for such purpose so that I may prosecute and resolve this matter that is presently before the court." He further stated the information requested was to determine other avenues available to him to serve the respondent, if necessary. If service had not been accomplished than he would seek assistance in serving the respondent through publication or if she had been served but did not file a response, he would move for a default judgment.

The trial court entered an order of dismissal for want of prosecution on December 7, 2011, after less than seven months on the docket. This appeal followed.

## Standard of Review and Applicable Law

A trial court has authority to dismiss for want of prosecution under Texas Rule of Civil Procedure 165(a) on "failure of any party seeking affirmative relief to appear for any hearing or trial on which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court. . . ." TEX. R. CIV. P. 165(a)(1)-(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. *Villarreal v. San*

*Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). We review a dismissal for want of prosecution under an abuse of discretion standard. *In re Marriage of Buster*, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.).

Although a pro se litigant is held to the same standards as a licensed attorney as far as knowledge of the rules and procedures, the level of reasonable diligence for prison inmates is somewhat lower than that for litigants who are free and represented by counsel. *Id*. Inmates cannot personally appear unless the court orders it, and if the inmates are pro se, their ability to participate in the activities designed to bring their cases to trial is seriously limited. *Id*.

Appellant relies on *In re Marriage of Buster* to support his position that he diligently prosecuted his case; therefore, the trial court abused its discretion in dismissing it for want of prosecution. In that case, the pro se inmate filed for divorce and (1) asked for the right to appear personally or proceed through alternate means; (2) asked for the trial court to appoint him an attorney so he could complete service; (3) asked for permission to proceed *in forma pauperis*; and (4) repeatedly asked for assistance in adjudicating his divorce. He filed requests with the court inquiring into the status of his case and seeking "proper due process procedures from the court." *Id*. at 143. In one letter he asked the clerk to "please respond to this letter and give me an answer to . . . what can I do to get this done?" *Id*. None of the motions or requests were acted on by the court. Instead, the court dismissed the case for want of prosecution. *Id*.

The court of appeals determined "Buster did everything he could reasonably do to diligently prosecute his case." *Id*. at 144–45. It further noted that "there was a complete breakdown in communication between the trial court and Buster, and because of Buster's status as an indigent and an inmate, he could not reasonably remedy the situation." *Id*. at 145.

Based on the facts before us, we conclude *Buster* is persuasive. Appellant similarly filed an affidavit of indigency and sought appointment of an attorney to help him finalize his divorce.

–3–

He wrote six letters to the clerk and the trial court between May and October inquiring into the status of his case and quickly notified the court of the respondent's address when he learned it was incomplete in the original petition. He further stated he needed to know whether the respondent had been served so he could either try to serve her through publication or move for default if she failed to answer. As in *Buster*, the trial court did not respond to any of his requests except to send a letter informing him the law did not allow the appointment of counsel.

While we acknowledge appellant did not request to appear before the court either in person or through alternative means to pursue his petition, we do not find this fact alone to be determinative of whether he diligently prosecuted his case. Under these circumstances, we conclude the trial court abused its discretion by dismissing appellant's case for want of prosecution. We sustain appellant's sole issue. We reverse and remand for further proceedings.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120253F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEJUAN AVERY, Appellant

No. 05-12-00253-CV      V.

MARILYN AVERY, Appellee

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-11-08545.
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant DEJUAN AVERY recover his costs of this appeal from appellee MARILYN AVERY.

Judgment entered this 6th day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE