Opinion filed May 4, 2017



# In The

# Eleventh Court of Appeals

_____

## No. 11-16-00280-CV

_____

## JUAN MANUEL ALBARADO, Appellant

## V.

## AMANDA M. JIMENEZ, Appellee

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15-11402N**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order dismissing Juan Manuel Albarado's petition for divorce for lack of prosecution. In a single issue, Albarado contends that the trial court erred in dismissing his case for lack of prosecution. We affirm.

*Background Facts*

Albarado is an inmate in the Texas Department of Criminal Justice. On June 2, 2015, Albarado filed a pro se petition for divorce from Amanda M. Jimenez. In his original petition, Albarado indicated that he did not need to obtain service of process upon Jimenez because he thought she would answer or execute a waiver of service. On June 8, 2015, Albarado requested Jimenez to be served with citation by certified mail. The record indicates that the trial court clerk mailed the citation by certified mail on June 18, 2015, to Jimenez at the address provided by Albarado in his petition. The citation was returned to the clerk's office on July 12, 2015, with the notation "return to sender" because it was unclaimed and could not be forwarded.

On August 4, 2016, the trial court sent Albarado a dismissal notice. On August 25, 2016, Albarado filed a motion for an order to remove the case from the dismissal docket asserting that he "made every possible attempt to ensure proper notice and service" on Jimenez. He attached an affidavit in which he claimed that he complied with all service requirements and made multiple attempts to contact Jimenez, to no avail. On August 30, 2016, the trial court entered an order dismissing Albarado's case for lack of prosecution. Albarado filed his notice of appeal on September 21, 2016.

*Analysis*

We review the trial court's dismissal for want of prosecution under an abuse of discretion standard. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion when it acts "arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

The court must provide a party with notice and an opportunity to be heard before it may dismiss a case for lack of prosecution. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Reese v. Reese*, 256 S.W.3d 898,

899 (Tex. App.—Dallas 2008, no pet.). Here, the trial court sent a notice of dismissal to Albarado, which he obviously received because he filed a motion to remove his case from the dismissal docket. A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure and (2) the trial court's inherent authority to manage its own docket. *See* TEX. R. CIV. P. 165a; *Villarreal*, 994 S.W.2d at 630. A trial court may dismiss a case under Rule 165a when a party or its counsel fails to appear at a hearing or trial or when a case is "not disposed of within time standards promulgated" by the Texas Supreme Court. TEX. R. CIV. P. 165a(1), (2). Additionally, the trial court has the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 839 (Tex. App.—Dallas 2009, no pet.).

"Although a pro se litigant is held to the same standards as a licensed attorney as far as knowledge of the rules of practice and procedure are concerned, the level of reasonable diligence for prison inmates is somewhat lower than that for litigants who are free and represented by counsel." *In re Marriage of Buster*, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.) (citation omitted). However, "[l]ack of diligence need not amount to abandonment for a case to be properly dismissed." *See WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied). The trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. *See Oliphant*, 299 S.W.3d at 839; *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ).

Albarado relies on *Buster* to support his position that the trial court abused its discretion in dismissing his case for lack of prosecution. 115 S.W.3d at 144. In that

case, a pro se inmate filed for divorce and asked for the right to appear personally or proceed through alternate means, asked for the trial court to appoint him an attorney so he could complete service, asked for permission to proceed *in forma pauperis*, and repeatedly asked for assistance in adjudicating his divorce. *Id.* at 145. None of the motions or requests were acted on by the court. *Id.* at 143. Instead, the court dismissed the case for want of prosecution. *Id.* The court of appeals determined that "Buster did everything he could reasonably do to diligently prosecute his case." *Id.* at 144–45.

This case is distinguishable from *Buster*. Here, the trial court was responsive to Albarado's requests. Albarado claims on appeal that he made every reasonable attempt to successfully obtain service on Jimenez, including mailing a copy of the suit to Jimenez by first class mail and certified mail, attempting to obtain service by publication, and filing numerous motions and letters with the trial court. However, the appellate record does not support his claims. Specifically, the record only shows that Albarado attempted to serve Jimenez on one occasion by certified mail and that he filed a motion asking the trial court to grant the divorce even though Jimenez had not been served. The record does not show that Albarado attempted to obtain service by publication.

At least fourteen months elapsed in this case between the filing of Albarado's original petition for divorce and the trial court's notice of dismissal. The record shows that (1) in his original petition for divorce, Albarado did not request that the trial court attempt to serve Jimenez; (2) after filing his petition, Albarado requested that the clerk of the trial court attempt to obtain service on Jimenez by certified mail, which the clerk attempted without success; (3) he filed a motion requesting that the trial court enter an order granting the divorce; and (4) he filed a motion for an order to remove his case from the dismissal docket after receiving a notice of dismissal. The only other source of support for Albarado's claims is his own affidavit filed with

his motion to remove his case from the dismissal docket. The affidavit details activities that Albarado purportedly undertook to informally contact Jimenez about the suit.

Although Albarado undertook steps to prosecute his case, he did not do "everything he could reasonably do to diligently prosecute his case." *Buster*, 115 S.W.3d at 144–45. Albarado never obtained service of process upon Jimenez. Furthermore, approximately one year elapsed from the last time that Albarado attempted to serve Jimenez with citation until the trial court sent a dismissal notice to Albarado. We conclude that the trial court did not abuse its discretion in dismissing Albarado's case for lack of prosecution. We overrule Albarado's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

JUSTICE

May 4, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5