**Anthony ALLEN, Appellant,**

v.

**Steven L. RUSHING, Appellee.**

**No. 06–03–00101–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 5, 2004.

Decided Feb. 19, 2004.

Anthony Allen, Beaumont, pro se.

Steven L. Rushing, Longview, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

The trial court dismissed Anthony Allen's malpractice lawsuit against attorney Steven L. Rushing for want of prosecution. On appeal Allen contends (1) that the trial court's dismissal did not serve the ends of justice, (2) that the trial court failed to provide him with a fair hearing, (3) that his suit against Rushing has merit, and (4) that the trial court failed to follow proper procedure resulting in an improper dismissal. We affirm the judgment.

**Historical and Procedural Background**

This case involves two separate incidents. The first incident occurred in 1999 when, according to Allen, he was injured in a multi-vehicle accident in Fort Worth, Texas. Allen retained Rushing as counsel for the purpose of filing a personal injury lawsuit against the drivers of the other vehicles as well as the driver of the car in which Allen was a passenger. In December 2001, Allen accepted a $500.00 settlement offer in the personal injury case based on Rushing's advice.

The second incident involves a lawsuit filed pro se by Allen March 5, 2002, against Rushing for malpractice. Allen alleged Rushing committed legal malpractice by neglecting his case for more than two years, which proximately caused Allen's claimed damages. The record before us does not show Allen had Rushing cited and served with a copy of the plaintiff's petition before the trial court dismissed the case April 9, 2003.

After Allen's automobile accident, but before he sued Rushing for malpractice, police arrested and charged Allen with heroin possession. The date of Allen's arrest is nowhere in the official record now before us, but Allen writes in his brief he was arrested in September 1999. Allen is now serving a prison sentence in Beau-

mont as a result of being convicted in the criminal case.

On March 28, 2003, Allen filed an application for writ of habeas corpus *ad testificandum* in the malpractice case. In it he asked the trial court to bench warrant him from Beaumont to Longview for the purpose of appearing at a "management conference"[1] April 9, 2003. In support of his request, Allen argued:

1. The Plaintiff Allen's case depends in large part on his own testimony—since the credibility of witnesses will be an issue in this matter, the jury should be allowed to hear the plaintiff testify personally and observe his demeanor.

2. The Plaintiff Allen should be brought to Court because he has crucial evidence to present to the court and jury in support of his claim.

3. The Plaintiff Allen is proceeding pro se in this matter and should therefore be produced to manage the presentation of his case, to cross-examine the defendant who testify [sic] and his witnesses, and to hear the defendant's case and present appropriate rebuttal evidence.

4. Plaintiff Allen is scheduled to be release[d] on mandatory supervision July 31, 2003, so in the alternative plaintiff Allen request[s] this Court to issue an order granting a ninty [sic] (90) day[ ] continuous of cesset processus, "let process stay" begining [sic] from July 31, 2003 until October 30, 2003.

5. The ends of justice so require[ ] that this Court issue a writ of habeas corpus ad testificandum or in the alternative grant[ ] a(90) day[ ] continu[ance] to let process stay.

It appears from the record that the trial court never ruled on Allen's request for a bench warrant. Instead, the trial court dismissed Allen's case April 9, 2003, for want of prosecution. It is from this dismissal Allen now appeals.

**Analysis**

Allen's first, second, and third points of error focus on the same central issue: whether the trial court committed *substantive* error by dismissing his lawsuit for want of prosecution.

■ Trial courts have inherent power to dismiss cases for want of prosecution, and courts have express authority to do so under Rule 165a of the Texas Rules of Civil Procedure. *In re Marriage of Buster*, 115 S.W.3d 141, 143–44 (Tex.App.-Texarkana 2003, no pet.) (citing TEX.R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999)). We review a trial court's dismissal of an inmate's civil suit for want of prosecution for abuse of discretion. *Buster*, 115 S.W.3d at 144.

■ An inmate has a constitutional right to access to the civil trial courts. *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). That right, however, is not completely unfettered. For example, an inmate does not have an absolute right to appear personally at all hearings associated with a civil suit. *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex.App.-Texarkana 1994, writ denied). An inmate may file an application for writ

---

1. The only reference to a "management conference" setting appears in Allen's request for a bench warrant. The trial court's order of dismissal for want of prosecution states the plaintiff had been given notice of the April 9 hearing pursuant to Rule 165a of the Texas Rules of Civil Procedure. Rule 165a(1) re-lates to the scheduling of a dismissal hearing, not a case management conference. TEX.R. CIV. P. 165a(1). There is nothing in the record that contradicts the trial court's order stating the April 9 hearing was a dismissal hearing.

of habeas corpus with the trial court, requesting it issue a bench warrant for the inmate's appearance at a particular hearing. *See, e.g., In re Z.L.T.,* 124 S.W.3d 163 (Tex.2003). In considering whether to grant an inmate's request to personally appear for a hearing, a trial court should consider several factors:

> (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits.

*Aguilar v. Alvarado,* 39 S.W.3d 244, 248 (Tex.App.-Waco 1999, no pet.). Should the trial court find that the pro se plaintiff inmate in a civil suit is not entitled to leave prison and appear personally in court, the inmate should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *Id.*[2]

■ In this case, the trial court did not perform the required balancing analysis— whether the State's interest in keeping Allen in Beaumont outweighed Allen's interest in being transported to Longview for the April 9 hearing—because the trial court never ruled on Allen's request. Nonetheless, Allen's request does not state

what his testimony would be, other than such testimony presumably relates to the malpractice action against Rushing. Allen's request suggests that his personal appearance is necessary for the jury to be able to evaluate his credibility and demeanor, but such suggestion is immaterial because Allen had failed to serve the named defendant, obviously making the case not ready for a jury trial April 9, 2003. Allen could have more easily filed an affidavit explaining the delay in completing service (and requesting the case be maintained on the trial court's docket) without requiring the trial court to expend time and resources by unnecessarily bench warranting him from Beaumont. Therefore, we cannot say the trial court erred by failing to grant Allen's request to personally appear April 9.

■ "A trial court may dismiss a civil suit for want of prosecution when the plaintiff has failed to use reasonable diligence to advance the case on the docket and move it to trial." *Buster,* 115 S.W.3d at 144 (citing *Villarreal,* 994 S.W.2d at 630; *Dolenz v. Cont'l Nat'l Bank,* 620 S.W.2d 572, 575 (Tex.1981); *City of Houston v. Thomas,* 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no writ)). Once a plaintiff initiates a lawsuit by filing an original petition, citation should issue and be served, along with the original petition, on all named defendants. Tex.R. Civ. P. 21, 99(a). "Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation *as directed* by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." Tex.R. Civ. P. 99(a) (emphasis added).

---

**2.** Justice Carter of this Court has previously suggested the Legislature fund a program that provides video conferencing technology between state penitentiaries and trial courts. *In*

*re Marriage of Buster,* 115 S.W.3d 141, 145 (Tex.App.-Texarkana 2003, no pet.) (Carter, J., concurring).

"A party may ordinarily rely on the clerk to perform that duty within a reasonable time." *Harrell v. Alvarez*, 46 S.W.3d 483, 486 (Tex.App.-El Paso 2001, no pet.); *see also Allen v. Masterson*, 49 S.W.2d 855, 856 (Tex.Civ.App.-Galveston 1932, writ ref'd) (litigant may assume clerk will fulfill duty to issue citation and have it served promptly). However, "[w]here the citation is not issued and served promptly, this does not affect the suit, unless the plaintiff is responsible for the failure of the officers to do their duty, as in cases where the plaintiff instructs the clerk not to issue, or instructs the sheriff, not to serve." *Allen*, 49 S.W.2d at 856. If, in the exercise of diligent prosecution, the plaintiff could have easily corrected the clerk's failure to issue citation, the delay in the case will be charged against the plaintiff. This is because "[t]he [plaintiff's] duty to exercise diligence continues until service of process is achieved." *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex.App.-Dallas 2000, pet. denied).

Evidence of attempting to serve the named defendants is one of many factors an appellate court may consider in reviewing a trial court's order dismissing a case for want of prosecution. *See Buster*, 115 S.W.3d at 143–45 (pro se inmate's repeated efforts at having citation issued and served one of many factors demonstrating plaintiff used diligence in prosecuting case). If a trial court dismisses a case for want of prosecution, the plaintiff may also file a motion to reinstate the case. Such a motion may provide evidence the plaintiff acted diligently in pursuing the case. Tex.R. Civ. P. 165a(3).

In this case, Allen's original petition asked that the defendant "be cited to appear and answer" the plaintiff's petition. The petition did not, however, specify a manner of delivery of citation (such as by a private process server, through the sher-iff's office, by publication, or by certified mail). *See* Tex.R. Civ. P. 103 (who may serve); Tex.R. Civ. P. 106 (method of service). Therefore, Allen's petition gave the court clerk no direction regarding the method and manner of delivery of the citation, once issued.

Allen's lawsuit was on the trial court's docket for thirteen months. The record does not show that during those thirteen months Allen contacted the clerk's office with further instructions on serving and citing the listed defendant. If he had used ordinary diligence, Allen should have been able to determine that the citation had not issued and service not completed because he had not provided the clerk with sufficient information on the method of citation and service. Accordingly, the lengthy delay, without explanation from Allen, supports the trial court's implied finding that Allen was not diligently prosecuting his lawsuit.

Moreover, Allen did not file a motion for reinstatement. *See* Tex.R. Civ. P. 165a(3). In a motion for reinstatement, Allen could have attempted to demonstrate good cause for the trial court to reconsider its dismissal for want of prosecution. Such information might have provided a basis to suggest Allen was diligently prosecuting the case.

Allen accepted the role of a pro se plaintiff. He had the burden of prosecuting his case with diligence, the same as any licensed attorney. This he did not do. We cannot say the trial court committed substantive error or abused its discretion by dismissing Allen's case for want of prosecution.

In Allen's fourth point of error, he contends the trial court committed *procedural* error and abused its discretion by dismissing his suit for want of prosecution.

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

TEX.R. CIV. P. 165a(1).

On appeal, Allen does not claim the trial court failed to provide notice of the April 9, 2003, hearing. To the contrary, Allen's application for writ of habeas corpus specifically requested the trial court bench warrant him from prison so that he could be present for the April 9 hearing, thus suggesting Allen had notice of the hearing. And, as explained previously, the trial court's order of dismissal reflects Allen was provided notice of the April 9 hearing pursuant to Rule 165a, that rule governing the scheduling of a dismissal hearing.

As noted above, Allen also did not file a motion for reinstatement following dismissal of the case claiming good cause existed to reinstate his suit. *See* TEX.R. CIV. P. 165a(3). The trial court's order of dismissal states it called the case for trial April 9, 2003, after having first given notice to the plaintiff of the setting pursuant to Rule 165a of the Texas Rules of Civil Procedure. There is nothing in the record to contradict the suggestion that Allen had the procedurally required advance notice of the April 9 hearing. Allen's final point of error is overruled.

We affirm the trial court's judgment.