In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00078-CV
______________________________


 
IN RE: DARRIN BUGGS
 


                                              
 
Original Mandamus Proceeding


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Darrin Buggs has filed a petition for writ of mandamus seeking two separate types of relief. 
The underlying lawsuit is against a former employee of the Texas Department of Criminal Justice
(TDCJ). In the petition, Buggs asks us to (1) order the district judge, in whose court Buggs' civil
lawsuit is pending, to order the district clerk to take a number of actions that would culminate in
serving citation by publication, and (2) order the district judge to rule on his discovery motion, in
which he asked the trial court to order the director of the TDCJ to take all necessary actions to obtain
an address for its now Kansas-bound former employee. 
            Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex.
1992). A trial court is required to consider and rule on a motion within a reasonable time. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). One court
has held that eighteen months is too long and found mandamus appropriate as a means to compel
the court to rule. In re Ramirez, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig.
proceeding).
            Once a plaintiff initiates a lawsuit by filing an original petition, citation should issue and be
served, along with the original petition, on all named defendants. Tex. R. Civ. P. 21, 99(a), 106,
108, 109. "Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation
and deliver the citation as directed by the requesting party. The party requesting citation shall be
responsible for obtaining service of the citation and a copy of the petition." Tex. R. Civ. P. 99(a);
see Allen v. Rushing, 129 S.W.3d 226, 230 (Tex. App.—Texarkana 2004, no pet.). Rules 109, 114,
and 116 address service by publication. Tex. R. Civ. P. 109, 114, 116. It is therefore the duty of
the district clerk to issue service of process in accordance with the rules.


 
            Buggs asks this Court to order the district judge to order the district clerk to do her duty. 
Under these circumstances, however, on the record presented to this Court, we cannot say that such
a duty has arisen. The motion referenced is an "Advisory to the Court," which merely points out that
Buggs has no good means of access to resources needed to obtain service through a media outlet in
Kansas. He seeks to have the court order the clerk to retrieve an address of a newspaper in Kansas
and secure the publication of notice to the defendant in such outlet. It is clearly not part of the duty
of the district clerk to seek out and locate either person or newspaper in Kansas for the benefit of a
plaintiff. It is also not the obligation of the clerk to provide payment to the media outlet for such
service. As set out in Rule 99(a), the responsibility lies on the party requesting citation. 
            Further, the "advisory" is not a motion seeking relief, and there is nothing within it seeking
action by the district court. Thus, no error of law adequate to justify mandamus has been shown. 
            In the remaining argument, Buggs asks us to order the district judge to rule on his discovery
motion, in which he asked the trial court to order the director of the TDCJ to take all necessary
actions to obtain an address for its now Kansas-bound former employee. Although a district judge
does have a duty to rule on motions properly before it, we also note that only three months have
elapsed since the date on which Buggs states the motion was presented to the court. In the absence
of additional information, we cannot say that, as a matter of law, sufficient time has elapsed to justify
ordering the court to rule on the motion. 
            Further, we note that the motion on its face neither indicates that any request for discovery
has been sent to the TDCJ nor has it had an opportunity to respond. It would be premature to order
that entity to provide information for which no proper request has been made. Finally, we note that
Buggs does not seek information in the custody of the TDCJ, but seeks to direct that entity to seek
out and obtain information. The scope of discovery for tangible items only requires production of
items within the person's possession, custody, or control. See Tex. R. Civ. P. 192.3(b).
            For all of these reasons, we deny the petition for writ of mandamus.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 23, 2005
Date Decided:             June 24, 2005