Opinion issued March 29, 2007









Issued June 7, 2007

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00552-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CEDRIC CHRISTOPHER EDISON, Appellant

 

V.

 

HOUSTON POLICE DEPARTMENT, LEE P. BROWN, 

OFFICER B.C. McDANIEL, OFFICER SPARKS, 

SGT. SMART, and OFFICER J.E. ADKINS, Appellees

 

 



On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2004-68643

 








 



MEMORANDUM OPINION

 

Cedric Christopher Edison
appeals the dismissal for want of prosecution of his tort claims against the
City of Houston Police Department and others, asserting that he should not be
penalized for the Harris County district clerk’s failure to effect timely
service on the named defendants.  Because the record shows that Edison failed to exercise due diligence in obtaining service and prosecuting his claims or
comply with the trial court’s instructions in its notice of intent to dismiss,
we affirm.  

Background

In early December 2004, Edison, an inmate acting pro se, filed suit against the City of Houston Police Department
(“Department”), Lee P. Brown, and certain police officers.  The Harris County
Clerk’s Office issued citation to the Department based on the information
provided in Edison’s original petition.  A Harris County deputy constable
attempted to serve the citation on the Houston Police Department, but was
unsuccessful.  In the Constable’s Return, he noted “[u]nable to serve no person
named for service, governmental agency must have service name.”  

The clerk’s office
promptly notified Edison of this deficiency.  Edison responded in late December
2004 with amended service of process information for his suit.  Apparently unaware
that Lee Brown’s tenure as police chief for the City of Houston had ended in
1990, Edison named him as the Department’s agent for service of process at its
downtown address.  Edison also indicated that the other named defendants could
be served at the Department’s northeast substation address.  The record does
not indicate any further attempt to serve the defendants with Edison’s suit. 

The next activity in the
case occurred approximately one year later, when the trial court issued a
notice of intent to dismiss on the ground that no answer had been filed.  The
notice instructed Edison that his case would be dismissed on February 20, 2006,
unless (1) a default judgment was signed; (2) an answer was filed; or (3) a
verified motion to retain was filed and set for hearing.  

Following receipt of the
notice, Edison sought to compel the district clerk to serve the named
defendants, renewed his application to proceed in forma pauperis, and requested
additional time in which to perfect service.  By May 23, 2006, however, no
proof of service or answer was on file, nor had Edison moved for a default
judgment or to retain the case on the docket.  Consequently, the trial court
signed an order dismissing the cause on that date.

Propriety
of Dismissal for Want of Prosecution

Broadly construed, Edison’s sole issue on appeal asserts the trial court wrongly dismissed his suit for want of prosecution
because the district clerk failed to serve the named defendants.  Texas law confers on trial
courts the discretionary authority to dismiss a case for want of prosecution.  Tex. R. Civ. P. 165a; Villarreal v.
San Antonio Truck & Equip. Co., 994 S.W.2d 628, 630 (Tex. 1999); City
of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.]
1992, no writ).  A trial court may dismiss a case when (1) it finds that the
case has not been prosecuted with due diligence; (2) the case has not been
disposed of within the Texas Supreme Court’s time standards; or (3) a party
fails to appear at a hearing or trial.  Villarreal, 994 S.W.2d at 630; Thomas,
838 S.W.2d at 297.  A court may not, however, dismiss for want of prosecution on a
ground other than those for which it gave notice of its intent to dismiss. See
Villarreal, 994 S.W.2d at 632–33.

In requiring Edison to
ensure that an answer was on file or move for a default judgment or to retain
the case, the trial court essentially instructed Edison to show diligence in
prosecuting his case.  In determining whether a plaintiff has prosecuted his
case with due diligence, “[t]he trial court may consider the entire history of
the case, including the length of time the case was on file, the amount of
activity in the case, the request for a trial setting and the existence of
reasonable excuses for delay.”  Nawas v. R & S Vending, 920 S.W.2d
734, 737 (Tex. App.—Houston [1st Dist.] 1996, no writ).  A pro se litigant is
as responsible for prosecuting his action with diligence as any other litigant.
See Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App.—Houston [1st
Dist.] 1996, no writ).  We may reverse a trial court’s dismissal of a claim for
want of prosecution only if the court clearly abused its discretion.  MacGregor
v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); Nawas, 920 S.W.2d at 737.  

Edison contends that his suit should have been
retained on the docket because the clerk’s failure or refusal to serve citation
frustrated his efforts to prosecute his claims.  Generally, a litigant may rely
on the clerk to issue citation and have it served within a reasonable time.  Tex. R. Civ. P. 21, 99(a); Allen v. Rushing, 129 S.W.3d 226, 230–31 (Tex.
App.—Texarkana 2004, no pet.); see Allen v. Masterson, 49 S.W.2d 855,
856 (Tex. Civ. App.—Galveston 1932, writ ref’d).  Nevertheless, the duty to
exercise diligence in ensuring that service is ultimately accomplished remains
with the plaintiff.  Tex. R. Civ.
P. 99(a); Rushing, 129 S.W.3d at 231 (alleged
delay by clerk’s office was not valid excuse sufficient to constitute due
diligence in effecting service of process; if plaintiff could have easily
corrected clerk’s failure to issue citation by exercising due diligence, plaintiff
bears responsibility for delay) (quoting Boyattia v. Hinojosa, 18
S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied)). 


With diligence, Edison should have been able to determine well before January 2006 that service not been completed
and that he had not provided the clerk with correct service information.[1] 
If Edison had a reasonable explanation for the delay, he did not tell it to the
trial court.[2]  

The trial court’s notice
of intent instructed Edison what he needed to do to prevent dismissal of his
case.  Further, the trial court gave Edison ample opportunity to resolve or
explain the delay in service, postponing its decision to dismiss the case a
full three months after the date originally set forth in the notice of intent. 
 Edison failed to accomplish any one of the three tasks that would have complied
with the trial court’s notice of intent, not even the one—the filing of a
motion to retain—that was under his full control.

The trial court’s order
expressly states that Edison’s suit was dismissed because he failed to comply
with the court’s notice of intent to dismiss.  Edison has not provided any
reasonable explanation for his lack of compliance.  Thus, the trial court acted
within its discretion in dismissing Edison’s suit.  

Conclusion

 

We affirm the judgment of
the trial court.

All pending motions are
dismissed as moot.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justice Nuchia,
Hanks, and Bland.

 









[1]
Depending on the circumstances, Texas courts
have concluded that periods of unexplained activity before service much shorter
than the year-long delay in this case demonstrate a lack of due diligence as a
matter of law.  See Webster v. Thomas, 5 S.W.3d 287, 291 & n.3 (Tex.
App.—Houston [14th Dist.] 1999, no pet.)  (plaintiff who made only
careless and sporadic efforts to serve over period spanning four months and ten
days lacked due diligence as matter of law; court also observed that courts
have reached same conclusion in considering periods
of unexplained inactivity ranging from five and four-fifths months to
thirty-eight months).

 





[2] Edison’s last-ditch, unsuccessful effort to serve the
defendants after receiving notice of the trial court’s intent to dismiss his
case does not absolve him of the duty to prosecute it with diligence from the
date it was filed.  See Proulx v. Wells, 186 S.W.3d 630, 633 (Tex.
App.—Fort Worth 2006, pet. filed) (duty to use due diligence continues from
date suit is filed until date defendant is served).