COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-114-CV

 

 

R. W. ROGERS, SR.                                                             APPELLANT

 

                                                   V.

 

ARLETHA GARLAND FRANKLIN                                                APPELLEE

 

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant R.W. Rogers, Sr.
complains that the trial court erred by dismissing his case against Appellee
Arletha Franklin for want of prosecution. 
We will affirm.

 

 








I. Background and Procedural History

Rogers, an inmate serving a
forty-year sentence, filed this suit and appeal pro se.  In the underlying suit, filed on June 20,
1997, Rogers alleged that Franklin, a longtime family friend, had illegally
obtained proceeds from four life insurance policies after the death of Rogers=s mother.  In his original
petition, Rogers requested that the trial court serve Franklin by U.S.
mail.  The trial court attempted service,
but someone other than Franklin signed the return receipt, rendering service invalid.  On October 7, 1997, before the return receipt
with the incorrect signature was filed, the trial court notified Rogers by
letter of its intent to set the case on the dismissal docket.  In the letter, the trial court judge told
Rogers that the case had been on file in excess of ninety days Awithout service being effected.@








The trial court sent a second
notice of intent to dismiss, stating that the defendant had not filed an answer
and that Rogers had sixty days to take all appropriate actions to secure a
default judgment or the case would be set for dismissal for want of prosecution.  Rogers then sent a letter to the trial court
and requested that it enter a default judgment. 
The trial court did not respond, prompting several letters from Rogers
demanding to know why the trial court had not ruled on his request.  In total, the trial court sent Rogers eight
notices of intent to dismiss the case, and Rogers filed five motions to
maintain the case on the docket.  On
October 5, 2006, the trial court granted Rogers=s fifth motion to maintain the case on the docket and sent a letter to
Rogers informing him that he had never completed service on Franklin because
someone other than Franklin had signed the return receipt.  The trial court judge also informed Rogers
that the court would not maintain the case on the docket again if Rogers did
not pursue his case with due diligence, including securing good service on
Franklin by December 7, 2006.

On October 20, 2006, Rogers
responded to the trial court=s notice by filing a motion to re-issue service of process, in which
he asked the court to serve Franklin by U.S. mail.  On that same day, Rogers sent a letter to the
trial court requesting that it serve Franklin by U.S. mail or for it to Aexercise its power to call upon the Tarrant [County] Deputy Marshal=s [Department] to serve the Defendant[,] and if need be[,] the U.S.
[Deputy Marshal=s
Department] pursuant to [Federal Rule of Civil Procedure 4-(b)ii-iii]
. . . .@  On October 25, 2006, the trial court
re-attempted to serve Franklin by U.S. certified mail.  The citation returned unclaimed on December
6, 2006, and pursuant to the last letter of intent to dismiss, the trial court
dismissed the case for want of prosecution on December 7, 2006, nine and
one-half years after Rogers filed his original petition.

 








II. Dismissal for Want of Prosecution

In his first two issues,
Rogers argues that the trial court erred by dismissing his case for want of
prosecution because (1) it failed to inform him that Franklin had not been
properly served and (2) it did not re-issue service by hand delivery in the manner
in which Rogers had requested.

We review a trial court=s order dismissing a case for want of prosecution for a clear abuse of
discretion.  MacGregor v. Rich,
941 S.W.2d 74, 75 (Tex. 1997); Smith v. McKee, 145 S.W.3d 299, 302 (Tex.
App.CFort Worth 2004, no pet.).  A trial court abuses its discretion when it
acts arbitrarily or unreasonably, or without reference to guiding rules and
principles.  McKee, 145 S.W.3d at
302B03.








A trial court may dismiss a
case for want of prosecution under rule 165a of the Texas Rules of Civil
Procedure or under its inherent power.  See Tex. R. Civ. P. 165a; Alexander v.
Lynda=s Boutique, 134 S.W.3d 845, 850 (Tex. 2004); Villarreal v. San Antonio Truck
& Equip., 994 S.W.2d 628, 630 (Tex. 1999).  A trial court may dismiss a case under rule
165a if a party seeking affirmative relief fails to appear for any hearing or
trial of which the party had notice or when a case is not disposed of within
the time standards promulgated by the supreme court.  Tex.
R. Civ. P. 165a(1)B(2).  In addition, the common law vests the trial
court with the inherent power to dismiss independently of the rules of
procedure when a plaintiff fails to prosecute his or her case with due
diligence. Villarreal, 994 S.W.2d at 630.  To determine whether due diligence exists,
the trial court may consider the entire history of the case, including the
length of time the case was on file, the extent of activity in the case,
whether a trial setting was requested, and the existence of reasonable excuses
for delay.  Polk v. Sw. Crossing
Homeowners Ass=n, 165 S.W.3d 89, 97 (Tex. App.CHouston [14th Dist.] 2005, pet. denied). 

In all but the first two
notices of intent to dismiss, the trial court informed Rogers that it intended
to dismiss the case pursuant to both rule 165a and its inherent power.  Likewise, the trial court stated in its order
dismissing the case that it was acting based on its express authority in rule
165a and its inherent power.  The trial
court specifically stated in the final order that it found that Rogers had
failed to take action as requested by the court and prosecute the case with due
diligence, thus implicating its inherent power.  Moreover, Rogers=s complaints are directed at the trial court=s dismissal based on due diligence as it pertains to incomplete
service of process.  Thus, we will review
the record to determine whether the trial court abused its discretion by
dismissing the case under its inherent power.

 

 








A.     Notice of Incomplete Service of Process   

Rogers first complains that
the trial court erred by dismissing the case because it failed to inform him
for nine years that Franklin had not been properly served.  The record belies any assertion that he was
wholly unaware that service had not been completed because the trial court sent
a letter to Rogers on October 7, 1997, stating that service had not been Aeffected.@ Rogers
acknowledged that he had received the trial court=s letter stating that service had not been completed in a letter he
sent to the trial court on November 14, 1997. 
In that letter, Rogers asked the trial court to see that service was
completed but gave no instruction on how to carry out this request. 








The record shows that when
the trial court sent the letter to Rogers on October 7, 1997, the return
receipt had not been filed with the clerk evidencing an improper signatureCthe error that precluded complete service.  Thus, despite having notice that service had
not been Aeffected,@ Rogers asserts that he was unaware of the exact reason why service was
incomplete.  From his communications with
the trial court, it appears that Rogers thought that the trial court had never
issued citation at all.  The return
receipt with the incorrect signature was on file since October 14, 1997, and
would have answered any question as to why service was incomplete.  There is no evidence on the record that shows
that Rogers ever requested a copy of the return receipt, but we acknowledge
that Rogers requested that the trial court inform him of what was wrong with
his suit, whether there was anything that was missing or needed to be supplied,
and whether citation was delivered.  He
specifically asked what date citation was delivered, and if it was not
delivered, why it was not delivered.  The
trial court failed to respond to any of these inquiries until it sent Rogers a
letter on October 5, 2006, and told him that someone other than Franklin had
signed the return receipt.  We agree with
Rogers that the record shows a general lack of communication on the part of the
trial court regarding these matters, but because the trial court eventually
re-attempted service on Franklin before it dismissed the case, among other
reasons discussed below, we cannot say that this deficient communication
rendered the dismissal an abuse of discretion. 

B.     Delivery of Citation  








Rogers also complains that
the trial court erred by dismissing his case because it failed to act on his
motion to re-issue service of process by not hand delivering the citation to
Franklin.  Rule 99 of the Texas Rules of
Civil Procedure governs issuance and form of citation, stating that it is the
clerk=s duty, when requested, to issue a citation and deliver the citation
as directed by the requesting party.  Tex. R. Civ. P. 99(a).  The clerk does not complete his duty under
the rule until he delivers the citations as directed.  Boyattia v. Hinojosa, 18 S.W.3d 729,
733B34 (Tex. App.CDallas 2000,
pet. denied).  A party may ordinarily
rely on the clerk to perform his duty within a reasonable time.  Id. at 734.  But when a party learns, or by the exercise
of diligence should have learned, that the clerk has failed to fulfill his duty
under rule 99, it is incumbent upon the party to ensure that the job is done.  Id. 








Rogers requested in his
motion to re-issue that the trial court re-issue citation to Franklin by U.S.
mail.  He then requested by letter that
the trial court re-issue citation by U.S. mail or Ain light [of] the prior problems,@ for the trial court to order a U.S. marshal or deputy marshal to
deliver citation under Federal Rule of Civil Procedure 4.  See Fed.
R. Civ. P. 4(c)(3).  Rogers
maintained that he was entitled to such action by the trial court because of
his indigent status.  See id.  (AAt the plaintiff=s request,
the court may order that service be made by a United States marshal or deputy
marshal or by a person specially appointed by the court.  The court must so order if the
plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. ' 1915 . . . .@ (emphasis added)).  Rogers=s assertions are misplaced. 
First, Rogers mistakenly requested action by a state district court
under a Federal Rule of Civil Procedure. 
Second, although Rogers maintained that he was indigent, he never filed
an affidavit or a valid substitute with the trial court to that effect.[2]  Third, Rogers was not clear on which method
the trial court was to use in serving Franklin; he requested that the trial
court mail the citation or have a marshal deliver it.  He also stated in one paragraph of the letter
to the court that he was enclosing an envelope and stamps to send citation to
Franklin and then in the next paragraph of the document requested that a
marshal deliver citation.  For all the
above reasons, the trial court properly responded to the motion to re-issue by
attempting service by U.S. certified mail within a reasonable time and
dismissed the case for want of prosecution once the return receipt came back
unclaimed.








Although Rogers=s complaint centers mainly on the motion to re-issue, we note that
over the nine and one-half years that the case was on the trial court=s docket, Rogers requested four times, not including the original
petition or motion to re-issue, to have the trial court serve Franklin.  However, none of these requests informed the
trial court of the manner in which the clerk was to serve Franklin.  See Allen v. Rushing, 129
S.W.3d 226, 231 (Tex. App.CTexarkana 2004, no pet.) (holding in part that the trial court did not
abuse its discretion by dismissing a pro se inmate=s case for want of prosecution when he requested that the court send
citation but failed to specify a manner of delivery of citation); see also
Cordova v. Hodge, No. 13-06-00640-CV, 2007 WL 4112018, at *4 (Tex. App.CCorpus Christi Nov. 20, 2007, no pet.) (mem. op.) (not designated for
publication) (same).








Two times, Rogers requested
that the trial court serve Franklin pursuant to various Federal Rules of Civil
Procedure, some of which list ways to serve a defendant; however, Rogers never
specified a particular method. 
Additionally, Rogers asked that the trial court send Franklin, by U.S.
mail, a copy of the motions and letters that contained his requests for
issuance of service, but he never specifically addressed the delivery method
for issuance of service.  Thus, Rogers
failed to give the clerk any direction regarding the method and manner of
delivery as required under rule 99.  See
Tex. R. Civ. P. 99, 103 (who may
serve), 106 (method of service); Allen, 129 S.W.3d at 231.  In any event, Rogers was not harmed by the
trial court=s failure to
send citation pursuant to these general requests because the trial court
eventually re-attempted service on Franklin before it dismissed the case.[3]

C.     Due Diligence








Rogers=s case remained on the trial court=s docket for nearly a decade. 
During these nine and one-half years, Rogers never secured service of
process on Franklin.  And although, at
times, Rogers actively tried to pursue the case by requesting a default
judgment, filing discovery motions, writing letters regarding the status of his
case, and submitting proposed pretrial orders, he also remained silent for
months, and sometimes years, at a time. 
For instance, on July 16, 1998, Rogers sent a letter to the trial court
and requested that it explain why his default judgment had not been granted but
failed to take any further action until he filed a motion to maintain the case
on the docket eighteen months later on January 31, 2000.  Again, Rogers sent a letter to the trial
court on March 2, 2001 but failed to take any further action for thirteen
months, when he filed a motion to maintain the case on the docket on April 18,
2002.  The longest delay occurred when
Rogers filed a motion to maintain the case on the docket on May 21, 2003, and
remained silent for over three years until he filed another motion to maintain
the case on the docket on September 28, 2006. 
None of Rogers=s responses
listed above were self-initiated but were instead prompted by the trial court=s notices of intent to dismiss the case.  Further, Rogers has provided no explanations
for these delays, and we find none on the record. 








We acknowledge the challenges
that Rogers faced as a pro se plaintiff in prison, but as a pro se plaintiff in
a civil case, he had the burden of prosecuting his case with diligence the same
as any licensed attorney.  Allen,
129 S.W.3d at 231.  We also note that
Rogers requested
several times for the trial court to appoint an attorney to help him pursue his
case with diligence.  Rogers repeatedly
attempted to cast this case as a civil rights action and alleged that Franklin Aviolated his
[c]onstitutional right to [d]ue process and [e]qual [p]rotection,@ but he never
showed the trial court that this was an Aexceptional@ civil case, in
which the Apublic and private interests at stake
[were] such that the administration of justice [would have been] best served by
appointing a lawyer.@  See Travelers Indemnity Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996); Coleman v.
Lynaugh, 934 S.W.2d 837, 839 (Tex. App.CHouston [1st Dist.] 1996, no writ). 
Rogers pointed to his alleged mental incapacity as a bipolar patient
taking medication as an impairment on his ability to pursue his case with
diligence, but there is nothing in the record that demonstrates the severity of
Rogers=s disorder or its effect on his ability to communicate with the trial
court.

Even though we have noted a
general lack of communication by the trial court, in reviewing the entire
record, we cannot say that the trial court abused its discretion by dismissing
the case for want of prosecution when it attempted on behalf of Rogers to
complete service of process twice, granted five motions to maintain the case on
the docket, and kept the case on the docket for nine and one-half years in
light of year-long voids in activity and incomplete service of process.  For the above reasons, we overrule Rogers=s first two issues.

III. Relief from Judgment








In his third issue, Rogers
argues that the trial court erred by refusing to rule on his Arelief from judgment@ filed on December 27, 2006.  In
this motion, Rogers asked the trial court to grant him relief from the order
dismissing the case and to attempt to secure service of process for a third
time.  However, in order for the trial
court to take such action, Rogers had to file a verified motion to reinstate
the case.  See Tex. R. Civ. P. 165a.  The relief from judgment filed with the trial
court was not verified,[4]
and therefore, cannot be construed as a motion to reinstate.  Cf. City of McAllen v. Ramirez,
875 S.W.2d 702, 705  (Tex. App.CCorpus Christi 1994, no writ) (AThe requirement of a verified motion to reinstate is meaningless if
the same general relief may be requested by filing an unverified motion for new
trial.@).  We accordingly overrule
Rogers=s third issue.

IV. Conclusion

Having overruled all of
Rogers=s issues, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
April 24, 2008











[1]See Tex. R.
App. P. 47.4.





[2]Even though Rogers incorrectly
relied on a Federal Rule of Civil Procedure, he was likewise required under a
similar Texas Rule of Civil Procedure to file an affidavit of indigency to
demand that the trial court send citation to Franklin.  See Tex. R. Civ. P. 145(a) (AUpon the filing of the
affidavit [of indigency], the clerk must docket the action, issue
citation and provide such other customary services as are provided any
party.@
(emphasis added)); Aguilar v. Stone, 901 S.W.2d 955, 955 (Tex. App.CHouston
[1st Dist.] 1995, orig. proceeding) (stating that a pro se plaintiff who files
an affidavit of indigency under rule 145 is entitled to the issuance of
citation).  Alternatively, because he was
an inmate, Rogers could have filed an unsworn declaration of indigency in lieu
of an affidavit of indigency, but he failed to do so.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 132.001B.003
(Vernon Supp. 2007); Thomas v. Pankey, 837 S.W.2d 826, 830 (Tex. App.CTyler
1992, no writ).  Rogers has, however, filed a pauper=s affidavit with this court to
proceed as an indigent on appeal.





[3]We
also note that Rogers stated in a motion to maintain the case on the docket
filed on April 18, 2002, that he would file a writ of mandamus if the trial
court did not complete service on Franklin, but he failed to take any such
action.

 





[4]As an inmate in prison, Rogers
could have also filed unsworn declarations in lieu of a verified motion to
reinstate.  See Tex. Civ. Prac. & Rem. Code Ann. '' 132.001B.003
(Vernon Supp. 2007).  However, the language at the
end of the relief from judgmentCAall of the aforesaid is true
and correct@Cdoes
not meet the requirements of section 132.002 because it does not state that the
declarations were made Aunder
penalty of perjury.@  See id. ' 132.002
(AAn
unsworn declaration made under this chapter must be: (1) in writing; and (2)
subscribed by the person making the declaration as true under penalty of
perjury.@); Bahm
v. State, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007) (stating that A[t]he
only phrase that the Legislature actually mandates should be included in such
declarations is Aunder
penalty of perjury@); Mitchell
v. Houston Hous. & Urban Dev., No. 14‑00‑00142‑CV,
2000 WL 1201698, at *2 (Tex. App.CHouston [14th Dist.] Aug. 24,
2000, pet. denied) (not designated for publication) (holding that the appellant
failed to substantially comply with the requirements for an unsworn declaration
because he failed to state that his declarations in his motion to reinstate
were made Aunder
penalty of perjury@).