NO. 07-05-0004-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 16, 2009

_____

LAWRENCE HIGGINS,

Appellant

v.

RANDALL COUNTY SHERIFFS OFFICE,

Appellee
_____

FROM THE 251 DISTRICT COURT OF RANDALL COUNTY;

NO. 50,458C; HON. PATRICK PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J. and CAMPBELL, J., and REAVIS, S.J.[1]

Lawrence Higgins appeals from the dismissal of his lawsuit against the Randall County Sheriff's Office (the County) for want of prosecution. He contends that 1) the trial court erred in dismissing his lawsuit for his failure to appear at a dismissal docket when he was incarcerated, and 2) the trial court failed to rule on his motion for the issuance of a bench warrant to secure his presence at trial. We disagree and affirm the order.

_____

[1]Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

*Background*

Higgins filed a lawsuit on September 17, 2001, alleging that the County was negligent in allowing him to be attacked by another jail inmate. Although Higgins filed a request for a jury trial and sought information on the status of the lawsuit on occasion, the clerk's record does not show that the County was ever served with process. Furthermore, the trial court notified him that the case was set on its dismissal docket for April 30, 2004, and that it would be dismissed for want of prosecution pursuant to Texas Rule of Civil Procedure 165a upon his failure to appear and show good cause why it should be retained. In response, Higgins moved for the issuance of a bench warrant and for a continuance so that a bench warrant could be issued securing his attendance at the hearing. Yet, the trial court did not rule on either motion. Rather, on August 18, 2004, it signed an order dismissing the suit for want of prosecution.[2] Appellant then moved to reinstate the cause on the basis that he had shown due diligence in pursuing the cause. The latter was overruled by operation of law.

*Authority*

Litigants may not be denied access to courts simply because they are inmates. *Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, an inmate's right to appear in person must be weighed against a number of factors including the cost and convenience of transporting him to the courtroom, the security risk he presents to the court and public, the substantial nature of his claims, whether resolution can be reasonably delayed until his release, whether the prisoner can and will offer admissible, non-cumulative testimony that cannot be effectively presented by deposition,

---

[2]The order of dismissal stated that no request for setting or continuance had been presented to the court.

2

telephone, or some other means, whether his presence is important for judging his demeanor and credibility, whether the trial or hearing is to the court or a jury, and the probability of success on the merits. *In the Interest of Z.L.T.,* 124 S.W.3d 163, 165 (Tex. 2003). Additionally, the inmate has the burden to address the foregoing indicia when seeking a bench warrant. *Id.* at 166. If he fails to do so, the trial court does not abuse its discretion in either denying the motion for such a warrant or in failing to rule upon it. *See Allen v. Rushing,* 129 S.W.3d 226, 230 (Tex. App.–Texarkana 2004, no pet.) (stating there was no reversible error in not ruling on a request to appear at a hearing on a motion to dismiss when the request did not state what the testimony would be and the litigant had failed to serve summons on the main defendant); *Ringer v. Kimball,* No. 02-07-407-CV, 2008 Tex. App. LEXIS 9110 at *5 (Tex. App.–Fort Worth December 4, 2008, no pet. h.) (stating there is no abuse of discretion in denying a bench warrant when the inmate fails to meet his burden to prove his entitlement).

Here, Higgins merely requested that a bench warrant be issued; he did not supply any information with respect to the factors the court must consider in granting his request. Nor did he request or propose any alternative means of attendance at the hearing such as by telephone or deposition. Given these circumstances and the fact the record does not show any attempt to serve the County with citation in the two and one-half years since the litigation began, we find no error on the part of the trial court in dismissing for want of prosecution.

Accordingly, the order of dismissal is affirmed.


Per Curiam


3