

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00343-CV

---

### IN THE INTEREST OF M.N.H. AND A.N.H., MINOR CHILDREN

---

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2010-552,571, Honorable Ann-Marie Carruth, Presiding

---

June 14, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Johnny Julian Herrera, a Texas prison inmate appearing pro se and *in forma pauperis,* filed a suit affecting the parent-child relationship, seeking reduction of his child support obligation. Respondent in the trial court, Michelle Lee Gray, was not served with process and made no appearance there or in this court.[1] After the trial court

---

[1] In a notice filed with the district clerk on September 15, 2016, the Office of Attorney General stated it no longer provided child support services for Gray, and "[a]ny prior judgment, should it exist, taken in the name of the Attorney General, is assigned to [Gray] for all purposes, who may enforce it against [Herrera] by any method authorized by law."

dismissed Herrera's suit for want of prosecution Herrera appealed, assigning two issues. We will overrule both issues and affirm the trial court's dismissal order.

Background

The record demonstrates that Herrera and Gray are the parents and joint managing conservators of two children. Gray holds the exclusive right to designate the children's primary residence in "Lubbock or any contiguous county." Herrera is obligated to pay child support.

In a motion filed September 5, 2017, Herrera requested the trial court to modify a child support order signed June 4, 2010. He sought reduction of the amount of his support obligation with retroactive application of the modification. The motion named Gray as respondent but did not contain an address for service of citation. Along with the motion, Herrera filed an affidavit asserting his indigence.

The next case activity shown by the record was a document signed by the trial court on January 22, 2018, entitled "Notice of Intent to Dismiss-No Service of Citation." The notice explained the case was eligible for dismissal for want of prosecution because of the lack of service and it would "be set for a Dismissal Docket, unless one of the following actions is taken within 30 days of this notice: 1. Service by citation is obtained[;] 2. A waiver of citation/service is filed; or 3. An order granting a verified motion to retain is obtained." Herrera responded on February 19 by filing an unverified motion to retain asserting it was the district clerk's duty to issue citation.

By order signed April 13, the trial court set a dismissal hearing for May 25 to consider Herrera's failure to respond to its January 22 notice. On May 8, Herrera filed a

"2nd Motion to Retain."  While supported by an unsworn declaration, it did not contain an address for Gray.  The record provides no indication a hearing was conducted on May 25.

On June 21 the trial court signed an order setting a hearing for July 27 to consider dismissal for want of prosecution of Herrera's case.  According to the order, the proposed ground for dismissal was Herrera's failure to respond to its January 22 notice.  In a finding of fact, the court stated Herrera did not appear for the July 27 hearing.  The record does not contain a reporter's record from the hearing.

On July 30, the district clerk file-marked Herrera's "1st Amended Petition to Modify Child Support" which stated Gray's residence was "unknown" and she should be served by publication.  TEX. FAM. CODE ANN. § 102.010 (West 2019).  In an affidavit filed at the same time, Herrera stated Gray was a "transient person."  Also file marked on July 30 was Herrera's motion to appear at the July 27 hearing by telephone or other means.  In the motion, Herrera stated that while his personal appearance at the hearing was unnecessary he should be permitted to appear by telephone.  The record does not contain a signed written order ruling on Herrera's request to appear by telephone or other means.

On September 10, the court signed an order dismissing Herrera's case for want of prosecution.  According to the order, Herrera "failed to comply with the notice" and "failed to remedy the issue at the dismissal hearing[.]"  On Herrera's request, the court filed findings of fact and conclusions of law.  Herrera did not file a motion to reinstate.  TEX. R. CIV. P. 165a(3).  This appeal followed.

Analysis

First Issue

By his first issue, Herrera agues the trial court abused its discretion by not allowing him to appear at the dismissal hearing "by teleconference or other effective means."

We review a trial court's decision to deny an inmate's request to appear at a hearing for abuse of discretion. *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex. 2003) (addressing a bench warrant request). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

While one who is incarcerated has no absolute right to appear in court for a civil case, *Armstrong v. Randle,* 881 S.W.2d 53, 56-57 (Tex. App.—Texarkana 1994, writ denied), he may not be denied reasonable access to the courts simply because of his status as an inmate. *Boulden v. Boulden,* 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.) (citing *Hudson v. Palmer,* 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L. Ed.2d 393 (1984)). Thus, if an inmate requests to be present at a hearing, the trial court considers a number of factors to balance the interest of the State in preserving the integrity of the correctional system with the inmate's right of access to the courts. *Garrett v. Macha,* No. 02-09-00443-CV, 2010 Tex. App. LEXIS 7272, at *10 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem. op.) (citing *In re Z.L.T.,* 124 S.W.3d at 165). These factors can also apply in the court's consideration of alternative means of participation, including appearance by video conference. *Douglas v. Am. Title Co.,* No. 14-08-00676-CV, 2009 Tex. App. LEXIS 8890, at *12 (Tex. App.—Houston [14th Dist.] Nov. 19, 2009, no pet.)

4

(mem. op.) (citing *Ringer v. Kimball,* 274 S.W.3d 865, 869 (Tex. App.—Fort Worth 2008, no pet.)). Generally, a trial court may hold a hearing without the presence of the inmate unless the inmate has established the necessity of his appearance. *Garrett,* 2010 Tex. App. LEXIS 7272, at *10 (citing *In re Z.L.T.,* 124 S.W.3d at 165-66).

The first difficulty with Herrera's argument is that his request to appear by telephone was file marked on July 30, three days after the July 27 hearing. Perhaps the motion was filed by mail and was placed in the prison mail system prior to July 27. *See Warner v. Glass,* 135 S.W.3d 681, 684 (Tex. 2004) (per curiam). But the record does not tell us whether the motion was filed by mail or presented to the district clerk for filing by a third party acting on Herrera's behalf.[2]

We note also Herrera stated in his motion to appear by telephone his personal appearance was unnecessary but he desired to appear by telephone because "the Court claims to not have received the first motion to retain." Yet it is undisputed that on February 19, 2018, the district clerk filed Herrera's "motion to retain." Herrera did not indicate to the trial court he had other argument or testimony to add. Nor did he otherwise show the imperative of his appearance by telephone. *See Douglas,* 2009 Tex. App. LEXIS 8890, at *7 (noting that in seeking to appear at a dismissal hearing by telephone a pro se inmate did not explain "what, if any, testimony he wished to offer" at the hearing).

---

[2] In the statement of facts section of his brief Herrera states he filed his request to appear by telephone on July 30. That is the date of the clerk's file mark.

In light of the foregoing, we find the record does not demonstrate the trial court abused its discretion by conducting the hearing without Herrera's telephone presence. Herrera's first issue is overruled.

Second Issue

We understand Herrera's second issue to contend the trial court abused its discretion by dismissing his case for want of prosecution. *See* TEX. R. APP. P. 38.9 ("briefing rules to be construed liberally"). We review a trial court's order dismissing a plaintiff's case for want of prosecution for abuse of discretion. *See, e.g., In re Marriage of Buster,* 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.).

The common law cloaks a trial court with inherent power to dismiss a civil case when the plaintiff fails to prosecute the case with due diligence. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). "In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of the activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay." *Copeland v. Medline Indus.,* No. 11-08-00194-CV, 2010 Tex. App. LEXIS 2161, at *4 (Tex. App.—Eastland Mar. 25, 2010, no pet.) (citing *Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.)).

When a petition is filed the clerk shall issue citation when requested and deliver citation "as directed by the requesting party." TEX. R. APP. P. 99(a). "If, in the exercise of diligent prosecution, the plaintiff could have easily corrected the clerk's failure to issue

citation, the delay in the case will be charged against the plaintiff. This is because the plaintiff's duty to exercise diligence continues until service of process is achieved." *Allen v. Rushing,* 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.) (internal quotation marks and bracketing and citation omitted).

The trial court's findings indicate that Herrera never provided the district clerk the information necessary to cause issuance and service of citation on Gray. The record before us does not explain Herrera's belief that service by publication was necessary, especially given the statement of Gray's address in the very order Herrera sought to modify, and Herrera's use of that address to serve Gray with documents by the end of the case. The case in the trial court was characterized from its beginning by inactivity caused by Herrera's failure to request service on Gray and to direct service at an address that, from the record, appears to have readily available to him.

On this record, we are unable to say that the trial court abused its discretion by dismissing Herrera's motion to modify for want of prosecution. Herrera's second issue is overruled.

### Conclusion

Having overruled both of Herrera's appellate issues, we affirm the trial court's dismissal order.

James T. Campbell
Justice

Quinn, C.J., concurring in the result.

7