Affirmed as
Modified and Memorandum Opinion filed April 22, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00011-CV



Charles Philip
Marsh, Appellant 

v.

Brad
Livingston, Margaret Birdwell, ANTHONY COLLINS, RODOLFO DIAZ, LEONARD ELLIS,
WALTON HOWARD, BRENDA JUAREZ, NORMAN MCCLURE, SHIRLEY NUNN, WILLIAM
PENDERGRAFF, FERNATER SMITH, LAWRENCE STOKER, LARRY TURNER, R.M. SANDOVAL AND
SERGEANT JACKSON, Appellees 



On Appeal from
the 412th District Court

Brazoria County, Texas

Trial Court
Cause No. 36764



 

MEMORANDUM OPINION 

Appellant
Charles Philip Marsh appeals the trial court’s dismissal with prejudice of his
claims against appellees Brad Livingston, Margaret Birdwell, Anthony Collins,
Rodolfo Diaz, Leonard Ellis, Walton Howard, Brenda Juarez, Norman McClure,
Shirley Nunn, William Pendergraff, Fernater Smith, Lawrence Stoker, Larry
Turner, and R.M. Sandoval as well as the grant of summary judgment in favor of
these appellees.  Marsh also appeals the trial court’s dismissal with prejudice
of his claims against appellee Sergeant Jackson.  Marsh argues he raised a
genuine issue of material fact concerning all his claims; several appellees
committed fraud or perjury; and the trial court abused its discretion by not
compelling the appellees to turn over a witness list, by refusing to extend the
discovery period, by refusing to allow him to re-serve Sergeant Jackson and to amend
his petition for the second time, and by specifically dismissing the claims
against Jackson with prejudice.  We affirm as modified.   

I

            Appellant
Charles Philip Marsh is an inmate of the Texas Department of Criminal Justice’s
(“TDCJ”) Luther Unit in Navasota.  On January 30, 2006, Marsh filed a lawsuit pro
se and in forma pauperis against Brad Livingston, Anthony Collins,
Sergeant Jackson, Rodolfo Diaz, Fernater Smith, Brenda Juarez, R.M. Sandoval,
Norman McClure, Shirley Nunn, Walton Howard, Leonard Ellis, and Lawrence Stoker
for conversion, negligence, denial of access to the courts, and denial of due
process.  Marsh amended his petition on April 10, 2006, to include a claim of
retaliation against William Pendergraff, Margaret Birdwell, and Larry Turner.  

Marsh
alleges when he was transferred from the TDCJ Terrell Unit to the TDCJ Luther
Unit between October 28, 2004, and March 9, 2005, various appellees “lost,
destroyed, or otherwise disposed of a large quantity of personal property” that
he owned.  He claims the majority of his lost property included legal documents
and records for a pending case.  During the transfer period, Marsh entered the TDCJ
Holliday Transfer Facility where he also claims appellees Sandoval, Juarez,
Smith, and Jackson were responsible for the alleged taking and destruction of his
Rhino boots.  Finally, Marsh contends after he filed his lawsuit, appellees Pendergraff,
Birdwell, and Turner retaliated against him by illegally confiscating and
destroying his remaining legal records.  

On
October 18, 2006, Marsh filed a traditional motion for summary judgment. 
Before the appellees responded to the motion, the court dismissed with
prejudice Marsh’s claims against Livingston as frivolous.  The appellees
responded to Marsh’s motion for summary judgment by stating that as the movant
Marsh did not meet his burden of demonstrating as a matter of law he was
entitled to summary judgment in his favor.[1] 


The
appellees later filed both a traditional and a no-evidence motion for summary
judgment on March 24, 2008.  The court held a telephone hearing on the appellees’
motions on May 19, 2008.  At the hearing, the trial court ruled on the appellees’
objections to Marsh’s response to their summary-judgment motions, and the court
considered the summary-judgment evidence the appellees submitted in support of
their traditional motion.  After the hearing, the trial judge informed all of the
parties by letter that “[a]fter reviewing the case authority and the summary
judgment evidence remaining after the rulings on the objections, the Court is
of the opinion that both Defendants’ Motion for Summary Judgment and the Motion
for a No Evidence Summary Judgment should be granted.”  On December 17, 2008,
the court granted appellees Birdwell, Collins, Diaz, Ellis, Howard, Juarez,
McClure, Nunn, Pendergraff, Smith, Stoker, Turner, and Sandoval’s motions for
summary judgment, and it dismissed with prejudice Marsh’s claims against these
appellees.  The court also dismissed with prejudice Marsh’s claims against
Jackson for failure to accomplish proper service on Jackson.  This appeal
followed.          

II

Marsh
contends some appellees were negligent in transporting his property. 
Specifically, he complains he received only three of the four bags he packed
before he was transported, and his missing bag contained important legal
documents and records as well as other personal property.  In losing his
property, Marsh alleges these appellees committed conversion and unconstitutionally
deprived him of his property without due process.  Additionally, he complains
the loss of his legal documents meant he was denied access to the courts
because he was unable to properly respond to the court of criminal appeals about
his pending case.  Marsh contends after he filed his lawsuit, several appellees
retaliated against him by destroying the remainder of his legal records.  In the
first issue in his brief, Marsh claims he has demonstrated a genuine issue of
material fact for each of the above causes of action.  In his issues three,
four, and five, he also complains that because appellees Pendergraff, Turner,
and Birdwell committed fraud or perjury, the appellees’ summary-judgment
evidence is not competent.  

The
appellees assert Marsh never had competent evidence raising an issue of
material fact in response to their motions for summary judgment.  Additionally,
the appellees contend they qualify for both official immunity under state law
and qualified immunity under federal law.  They further argue Marsh did not
present any evidence that perjury and fraud taint the appellees’
summary-judgment evidence.  

We
review the trial court’s summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The party moving for a
traditional summary judgment has the burden to show that no material fact
exists and that it is entitled to summary judgment as a matter of law.  Tex. R.
App. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000) (per curiam).  We will assume that all evidence
favorable to the non-movant is true and indulge every reasonable inference in
favor of the non-movant.  KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999).  

“In
a no-evidence summary judgment, the movant must specifically state the elements
as to which there is no evidence.”  Rivers v. Charlie Thomas Ford, LTD.,
289 S.W.3d 353, 357–58 (Tex. App.—Houston [14th Dist.] 2009, no pet.); Walker
v. Thomasson Lumber Co., 203 S.W.3d 470, 473–74 (Tex. App.—Houston [14th
Dist.] 2006, no pet.).  The trial court must grant the motion unless the
non-movant can point out evidence that raises a fact issue on the challenged
elements.  See Tex. R. Civ. P. 166a(i); Hamilton v. Wilson, 249
S.W.3d 425, 426 (Tex. 2008) (per curiam).  We must determine de novo whether
the non-movant produced more than a scintilla of probative evidence to raise an
issue of genuine material fact.  See Allen v. Connolly, 158
S.W.3d 61, 64 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Here, the appellees moved for summary judgment on
both traditional and no-evidence grounds.  See Tex. R. App. P. 166a(c), 166a(i). 
If the trial court does not specify the basis for granting the summary
judgment, the appealing party must challenge all the grounds that support the
judgment.  See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.
1995); State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex.
1993).  If the appealing party fails to negate or challenge all possible
grounds on which summary judgment could have been granted, we will uphold the
summary judgment on those grounds.  See Star-Telegram, Inc., 915 S.W.2d
at 474; State Farm Fire & Cas. Co., 858 S.W.2d at 381; Ellis v.
Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  So if the appellees moved for summary judgment on
a particular ground, and the appellant did not raise the ground as one on which
the trial court erred in granting the summary judgment, the appellant waived
any challenge to that ground.  Rodarte v. Investeco Group, L.L.C., 299
S.W.3d 400, 412 (Tex. App.—Houston [14th Dist.] 2009, no pet.); see Tex.
R. App. P. 38.1.    

In
their motions for summary judgment, the appellees argued: (1) an inmate cannot
allege that a negligent or intentional act, which deprives him of property, is
a constitutional violation if an adequate post-deprivation remedy exists; (2)
Section 101.106 of the Texas Civil Practice & Remedies Code bars Marsh’s
state-law claims of negligence and conversion; (3) Marsh did not demonstrate a
genuine issue of material fact to support his claim of lost property when he
was transferred, his claim of lost property when his boots were taken from him,
or his claim of retaliation and further loss of personal property; (4) the
appellees qualify for official immunity under Texas law; (5) the appellees are
entitled to qualified immunity under federal law; and (6) there was no evidence
to support any of Marsh’s claims.  Although Marsh responded to all of the
appellees’ claims in his response to their motions for summary judgment, Marsh
has failed to challenge all of appellees’ contentions on appeal.[2] 
Specifically, Marsh did not negate either the appellees’ claim that Section
101.106 of the Texas Civil Practice & Remedies Code defeated his state-law
claims or the appellees’ defense of official immunity.  Because Marsh does not
challenge the trial court’s grant of summary judgment on these grounds, he
waived these issues, and we must uphold the summary judgment on these grounds. 
See Star-Telegram, Inc., 915 S.W.2d at 474; Rodarte, 299 S.W.3d at 412. 

We
now turn to Marsh’s federal-law claims.  In Marsh’s brief, he does not directly
address the appellees’ federal qualified-immunity defense.  Instead, he
seemingly argues the appellees’ alleged perjury defeats their immunity defenses. 
Marsh contends appellees Pendergraff, Turner, and Birdwell’s discovery
responses contradict their summary judgment affidavits.  Accordingly, Marsh
argues, the affidavits are fatally flawed by fraud and perjury.  But the record
in this case does not include the appellees’ discovery responses.  Marsh bears
the burden of bringing forward the record of summary-judgment evidence for this
court to review.  Enter. Leasing Co. of Houston v. Barrios, 156 S.W.3d
547, 549–50 (Tex. 2004) (per curiam).  We must, therefore, presume that the
missing evidence supports the trial court’s summary judgment.  Id. at
550.   Additionally, he cites no law or authority to connect his claims of
perjury or fraud to qualified immunity.  Briefing waiver occurs when a party
fails to make proper citations to authority or to the record.  Tex. R. App. P.
38.1(i); Sterling v. Alexander, 99 S.W.3d 793, 798–99 (Tex. App.—Houston
[14th Dist.] 2003, pet. denied).  Without proper citation to the record or case
law to support his propositions, Marsh has waived his claims.  See Tex.
R. App. P. 38.1(i).  

Although
Marsh briefly discusses qualified immunity in his reply brief, the Texas Rules
of Appellate Procedure do not allow him to add a new issue in his reply brief
that was not discussed in his original brief.  See Tex. R. App. P. 38.3;
2218 Bryan St., Ltd. v. City of Dallas, 175 S.W.3d 58, 65 (Tex.
App.—Dallas 2005, pet. denied); Smith v. Hues, 540 S.W.2d 485, 489 (Tex.
Civ. App.—Houston [14th Dist.] 1976, writ ref’d n.r.e.).  This rule holds true
even if the new issue is raised in response to a matter in the appellee’s brief
but not raised in appellant’s original brief.  Howell v. Tex. Workers’ Comp.
Comm’n, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) (citing Barrios
v. State, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d) (“‘Pointing out the absence of an appellant’s argument does not
raise the argument or entitle appellant to assert that argument for the first
time in his reply brief.  If the rule were construed otherwise, an appellee
could never point out matters not raised by an appellant for fear of reopening
the door.’”).  Accordingly, we hold Marsh has also waived his federal-law
claims because he failed to properly challenge the appellees’ defense of
qualified immunity on appeal.  We, therefore, overrule his first, third,
fourth, and fifth issues.

III

Marsh
also appeals several pre-trial rulings.  In Marsh’s ninth issue, he argues the
trial court abused its discretion by not allowing him to re-serve Jackson.  The
Texas Rules of Civil Procedure allow a party to request the court clerk to
issue and deliver citations to the defendant.  See Tex. R. Civ. P.
99(a).  A party may rely on the clerk to serve the defendant within a
reasonable time.  Auten v. DJ Clark, Inc., 209 S.W.3d 695, 705 (Tex.
App.—Houston [14th Dist.] 2006, no pet.) (citing Boyattia v. Hinojosa,
18 S.W.3d 729, 733–34 (Tex. App.—Dallas 2000, pet. denied)).  But when a party
learns, or by exercise of due diligence should have learned, that the clerk failed
to fulfill his duty under Rule 99, the party must ensure the defendant is
properly served.  Id.  In Boyattia v. Hinojosa, the Dallas court
of appeals concluded the plaintiff failed to exercise due diligence because the
clerk’s three-month delay in delivering the citation was not a reasonable
delay.  18 S.W.3d at 734.  The plaintiff, therefore, should have known the
clerk was not fulfilling his duty to deliver the citation, and he should have
ensured delivery.  Id.  

Here,
the clerk attempted to serve Jackson on April 10, 2006.  But Marsh did not
attempt to ensure Jackson was served until May 21, 2008—more than two years
after the original attempt.[3] 
Additionally, Jackson’s name was not on any of the appellees’ pleadings, motions,
or correspondence that Marsh received between 2006 and 2008.  Marsh did not
exercise due diligence in ensuring all appellees had been served.[4]  Although
Marsh is an inmate, he has the same burden of prosecuting his case with due
diligence as any licensed attorney.  See Allen v. Rushing, 129 S.W.3d
226, 231 (Tex. App.—Texarkana 2004, no pet.).  Because Marsh failed to exercise
due diligence to ensure proper service on Jackson, the trial court did not
abuse its discretion in refusing to allow Marsh to re-serve Jackson.  We
overrule Marsh’s ninth issue.

In
his sixth issue, Marsh complains the trial court abused its discretion by
refusing to extend the discovery period.  Specifically, he asserts Jackson
never responded to any of his discovery, and the trial court should have
extended the discovery period so Jackson could appropriately respond.  But
Jackson was never properly served, and a person has no duty to participate in
proceedings if he has not been properly served.  See Ross v. Nat’l Ctr. for
the Employment of the Disabled, 197 S.W.3d 795, 797–98 (Tex. 2006). 
Accordingly, the trial court did not abuse its discretion by refusing to extend
the discovery period.  We overrule Marsh’s sixth issue.

In
Marsh’s second issue, he contends the trial court abused its discretion when it
failed to enforce its order compelling the appellees to turn over a list of
witnesses.  Marsh argues that during the September 29 telephone hearing, the
trial court ordered the appellees to turn over a list of witnesses who could
potentially testify on Marsh’s behalf about his property loss.[5] 
Additionally, in Marsh’s eighth issue, he complains the trial court abused its
discretion by refusing to allow him to amend his petition for the second time.[6]  Marsh does
not cite to any part of the record that would indicate the trial court abused
its discretion for either his second or eighth issues, nor does he cite any
relevant authority that discusses enforcing orders or amending petitions.[7]  See
Tex. R. App. P. 38.1(i); Sterling, 99 S.W.3d at 798–99.  “An issue not
supported by authority is waived.”  Nguyen v. Kosnoski, 93 S.W.3d 186,
188 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  “This [c]ourt has no duty
to search a voluminous record without guidance” from Marsh to determine his
argument.  Id.  Nor is it our duty to perform an independent review of
the summary judgment record to find evidence supporting Marsh’s claims.  Priddy
v. Rawson, 282 S.W.3d 588, 595 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied).  In failing to make proper citations to the record or authority, Marsh
has waived both issues.  See Sterling, 99 S.W.3d at 799.  Accordingly,
we overrule his second and eighth issues.  

IV

            Finally,
in Marsh’s seventh issue, Marsh complains the trial court abused its discretion
by dismissing with prejudice the claims against Jackson.  In Marsh’s brief, he
acknowledges that Jackson was not properly served.  If a party does not proceed
with due diligence in prosecuting its case, the trial court has inherent
authority under common law to dismiss the party’s claims.  Villarreal v. San
Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  Marsh failed
to diligently serve Jackson; therefore, the trial court properly dismissed the
claims against Jackson.  But the trial court should not have dismissed the
claims with prejudice because a dismissal with prejudice signifies an
adjudication on the merits and operates as if the case was fully tried and
decided.  See Ritchey v. Vaquez, 986 S.W.2d 611, 612 (Tex. 1999).  When
a dismissal does not implicate the claims’ merits, the trial court should
dismiss the claims without prejudice.  See Subaru of Am., Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002).  We therefore strike
the words “with prejudice” from the “Order of Dismissal and Final Judgment,”
and we affirm the order as modified.  Tex. R. App. P. 43.2(b).

*
* *

For
the foregoing reasons, we affirm as modified.

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

 









[1]
The trial court never ruled on Marsh’s motion.





[2]
In his brief, Marsh refers this court to his affidavit as well as his response
to the defendants’ motion for summary judgment.  He also states, “In the
interest of brevity Appellant wishes to avoid needless repetition of facts and
issues.”  But a party cannot simply incorporate by reference its arguments at
the trial level into its brief; a party must argue each claim of error on
appeal.  Allen v. United of Omaha Life Ins. Co., 236 S.W.3d 315, 325
(Tex. App.—Fort Worth 2007, pet. denied); Guerrero v. Tarrant County
Mortician Servs. Co., 977 S.W.2d 829, 832–33 (Tex. App.—Fort Worth 1998,
pet. denied) (“Were we to approve of this tactic, appellate briefs would be
reduced to a simple appellate record reference to a party’s trial court
arguments.  Additionally, this would be an open door for parties to circumvent
the appellate brief page limitations.”). Accordingly, we will consider only the
arguments actually set forth in Marsh’s appellate brief.





[3]
The record contains a May 19, 2008 letter from Marsh asking the district clerk
to confirm that Jackson was served.  In a response letter dated May 23, 2008,
which was not objected to by either party, the district clerk’s office informs
Marsh, “Service by certified mail was issued [to Jackson] on 4/10/06 by our
office, but the green card was never returned to us, so for all intents and
purposes, Sgt. Jackson has not been served with the petition.”  The record also
contains a copy of the service envelope addressed to Jackson with the notation
“return to sender, unclaimed, unable to forward.”





[4]
Marsh claims he was informed all of the defendants were served.  Marsh directs
this court to a hand-written letter allegedly from the district clerk notifying
him that “[s]ervice was issued on 4/10/06 to all Defendants.”  But the appellees
objected to this letter on the basis of hearsay and lack of authentication, and
the trial court sustained their objections.  Marsh “has not raised any issue on
appeal related to the trial court’s decision to sustain appellees’ objections;
therefore, we will not consider any of the documents that the trial court
excluded.” Kaufman v. Islamic Soc’y of Arlington, 291 S.W.3d 130, 137
n.15 (Tex. App.—Fort Worth 2009, pet. denied); see Tex. R. App. P.
38.1(i).  





[5]
A transcript of the hearing on September 29, 2008, is not in the record.  





[6] Although it is not clear, by asserting his right to
amend his petition Marsh may also be asserting his right to add more parties to
the suit.  At the outset, we note the Texas Rules of Civil Procedure permit a
trial court to establish and maintain a pre-trial schedule to guide the
litigation.  See Tex. R. Civ. P. 166.  The trial court’s control over
the pretrial schedule is discretionary. See id.; Lindley v. Johnson,
936 S.W.2d 53, 55 (Tex. App.—Tyler 1996, writ denied).  Because a trial judge
has “wide discretion in managing [his] docket,” we will not interfere with a
court’s scheduling decision absent a clear abuse of discretion.  Clanton v.
Clark, 639 S.W.2d 929, 931 (Tex. 1982).  In reviewing the record, we
concluded that during a telephone conference on August 24, 2007, the trial
court set the date for adding additional parties as December 4, 2007.  But the
original docket-control order stated the date was October 4, 2007.  During a
telephone-conference call on May 19, 2008, the trial court acknowledged the
mistake in the docket-control order, and he informed the parties that the dates
the parties agreed to during the August 24, 2007 conference call were in
effect.  In deciding to deny Marsh’s motion to add new parties as well as
strike Marsh’s second amended petition, the trial court noted in a letter to
the parties, “under either version of the Order, the attempt to join additional
parties is not timely since the original Order required joinder by October [4],
2007 and the version from the August telephone conference stated December 1,
2007.  The Plaintiff [Marsh] did not attempt to join additional parties until
May 12, 2008 and did not file the Second Amended Petition until May 12, 2008.” 
The trial court did not abuse its discretion in refusing to add more parties to
the suit because it set the pre-trial schedule, and Marsh failed to abide by
it.                           





[7]
Marsh does cite a case that describes generally what the abuse-of-discretion
standard is, but that citation does not provide this court with guidance as to
how the trial court might have abused its discretion in either of these
instances.